Charnley vs. Honig and another.

CHARNLEY, Respondent, vs. HONIG and another, Appellants.
CHARNLEY, Appellant, vs. HONIG and another, Respondents.

*March 15 — April 25, 1889.*

*(1) Lien for recovery for breach of building contract.   (2) Amendment of pleading.*

1. Where one who has contracted to erect a building is prevented by the owner from completing the same, and recovers the contract price less the cost of finishing the building, he may have a lien for such recovery upon the premises on which the building is situated.
2. Where the complaint admits the payment of a certain sum, but the testimony of both parties shows that a less sum was paid, an amendment conforming the pleading to the facts proved should be allowed.

APPEALS from the Circuit Court for *Shawano* County. The facts are sufficiently stated in the opinion. Both parties appeal from the judgment.

*E. J. Goodrick*, for the plaintiff.

*Charles W. Felker*, of counsel, for the defendants.

ORTON, J.   This action is brought by the plaintiff to recover the contract price of $4,840.70 for building and furnishing the materials (except rough stone and brick) for a store block which the defendants caused the plaintiff to quit work upon and prevented him from finishing, without his fault, and when he was ready to complete the same. The plaintiff admits in his complaint the payment on said contract of the sum of $1,164.31, and alleges that there is still due thereon the sum of $3,676.39, and prays that a lien therefor may be adjudged upon the premises upon which said building is situated.   The defendants deny the making of any such contract, and allege that they only employed the said plaintiff to oversee and superintend the construction of said building for the wages of $3 per day, which they have fully paid him.

The findings of the court upon the facts were in favor of the plaintiff, and a personal judgment was rendered in his favor and against the defendants for the sum of $731.56, as the difference between the cost of finishing said building according to the contract and the above contract price, after deducting the above payments thereon for the work already completed; but the court refused to adjudge that said sum was a *lien* upon said premises.   This is one of the errors assigned by the plaintiff upon his appeal, and the other error is that the court refused to allow him to amend his complaint in the respect in which it is admitted that the payments made were $1,164.31, when, according to the testimony of both parties, the amount was only $999.42. The defendants, as the appellants, complain on their appeal that the court ought to have found that the contract was that the plaintiff was to work for $3 per day to oversee and superintend the construction of said building, and that no such contract as alleged by the plaintiff was made, and that he has been fully paid therefor.   It is sufficient to say upon the facts that the evidence tends strongly to sustain

the complaint in respect to said contract, and the mistake made therein, viz., that no more than $999.42 was paid, when it is stated therein that the sum of $1,164.31 was paid upon said contract. It would be profitless to speak of or further consider the testimony upon these questions of fact. The circuit court disposed of the two questions — *first*, as to whether the plaintiff was entitled to a lien on the premises; and, *second*, as to whether the plaintiff ought to be permitted to correct said mistake by an amendment of the complaint as to the amount paid on the contract,— as questions of law. These are therefore the only two questions to be considered.

As to the first question, we can conceive no reason, and neither the circuit court nor the respondent's counsel has furnished us any, why the plaintiff is not entitled to a lien for his recovery. If he had completed the building according to the contract, no one would contend that he was not entitled to a lien if he had not been paid. How can he stand in a different position, when he has completed it as far as the defendants would allow him, and he asks for the contract price, less the cost of finishing it? It would allow the defendants to take away from the plaintiff one of his statutory rights by a violation of their contract. To call his future benefits in the contract "profits" can make no difference with this right. They are due him for labor and materials upon that building, according to the contract, and come within the statute securing to him such lien. No authority is cited against this claim, and we think none can be found.

As to the second question, it seems to be clearly established by the testimony of both parties that the admission in the complaint that the defendants had paid $1,164.31 was a mistake, and that the whole payments were only $999.42. Why should not the court have allowed the amendment according to the evidence, and have corrected

this obvious mistake? Such an amendment would have been "conforming the pleading to the facts proved," as authorized by sec. 2830, R. S.

These rulings of the circuit court are clearly erroneous. It follows from these views that upon the appeal of the defendants the judgment must be affirmed, and upon the appeal of the plaintiff the judgment must be reversed.

*By the Court.*— On the appeal of the plaintiff the judgment of the circuit court is reversed, and the cause is remanded with direction to render judgment for the amount of the former judgment, with the addition thereto of said sum of $164.89, and interest, and to adjudge the same a lien upon said premises. On the appeal of the defendants the judgment is affirmed.