Argued December 16, 1895; decided February 10, 1896.

JUSTICE *v.* ELWERT.
[43 Pac. 649.]

1.  APPEAL—FINDINGS ON CONFLICTING EVIDENCE.—Findings of the trial
    court on conflicting testimony will not be disturbed on appeal, unless
    they are clearly against the weight of evidence.

2.  MECHANICS' LIENS—COMPLETE PERFORMANCE PREVENTED BY OWNER—
    WAIVER.—Failure of contractors to complete a building according to
    contract will not prevent a lien from attaching in their favor for so
    much of the work as was actually performed according to the con-
    tract, where such failure to complete was due to an act of the owner.

APPEAL from Multnomah: LOYAL B. STEARNS, Judge.

This is a suit to foreclose a mechanics' lien.   The
lien is claimed by virtue of a contract entered into be-

tween plaintiffs, Justice Brothers, and the defendant
J. B. Elwert, by which plaintiffs agreed to furnish the
materials, and do certain painting, graining, and cal-
cimining for Elwert, upon her buildings at Portland,
Oregon, at the agreed price and consideration of two
hundred and eighty-five dollars, to be paid thirty days
after completion of the work. The work was to be
done in accordance with certain specifications, "in a
good, workmanlike, and substantial manner, to the sat-
isfaction and under the direction of the said owner or
superintendent, to be testified by a writing or certifi-
cate under the hand of the said contractor." While
engaged in the performance of this contract, plaintiffs
claim that they furnished extra materials and did cer-
tain extra work for Elwert, at her instance, of the
agreed value of one hundred and thirty-two dollars.
The claim of lien was filed to secure these two sums,
less sixteen dollars allowed as a credit. The defend-
ant F. E. Beach also seeks to foreclose a lien claimed
upon the same property, to secure payment of the
sum of one hundred and fifty-three dollars and sev-
enty-six cents for paints, oils, and other materials
furnished to Justice Brothers and which were used by
them in and upon the buildings. The defendant's
Elwert's defense to the Justice Brothers' lien is that
they have not performed the conditions of the contract
as required by its stipulations, nor secured the certifi-
cate of the contractor or superintendent showing per-
formance of the work to his satisfaction. She denies
absolutely that Justice Brothers did any extra work
at her instance or request, or that she ever agreed to
pay them anything therefor. The plaintiffs do not
claim to have fully performed the contract upon their
part, but insist that the nonperformance was excused
by the acts of defendant Elwert; that they completed

the work under the contract, in the main, but that defendant forbade and prevented them from performing entirely. The defense against the Beach claim is confined to the legal question as to whether he is entitled to a lien unless it is established that Justice Brothers performed their contract. The court below, among other things, found that plaintiffs had completed their contract so far as they were permitted by Elwert; that she, without cause, refused to allow a full performance, and that plaintiffs were entitled to the sum of two hundred and fifty dollars for the materials furnished and work done under the contract; that plaintiffs furnished extra material and did extra work, at the request of Elwert, of the value of one hundred and seven dollars, which, with the contract obligation, amounted to three hundred and fifty-seven dollars, against which Elwert was entitled to a credit of eighty-six dollars and twenty cents, leaving a balance of two hundred and seventy-one dollars and eighty cents. The court further found that F. E. Beach furnished plaintiffs materials used in and upon said buildings of the value of one hundred and forty-nine dollars and sixteen cents, which being deducted from plaintiffs' claim, leaves a balance of one hundred and twenty-two dollars and sixty-four cents bearing interest from November twentieth, eighteen hundred and ninety-three. As conclusions of law the court found that plaintiffs have a lien to secure the sum of one hundred and forty-eight dollars, and the defendant Beach a lien for one hundred and seventy-nine dollars and thirty-seven cents, which amounts include interest, attorneys' fees, and costs of filing liens. Upon these findings a decree was entered, and defendant Elwert appeals.    AFFIRMED.

For appellant there was a brief by *Messrs. Watson, Beekman and Watson,* and *Edward Mendenhall,* with oral arguments by *Messrs. Mendenhall* and *Benjamin B. Beekman.*

For respondents Justice there was a brief and an oral argument by *Mr. J. Frank Boothe.*

For respondent Beach there was a brief and an oral argument by *Mr. George G. Gammans.*

Opinion by MR. JUSTICE WOLVERTON.

1. The position of appellant is stated by her attorneys in their brief thus: "Upon their face the notices of lien appear to be sufficient, and we presume no authorities are necessary to support the proposition that in order to entitle plaintiffs to enforce their lien for work under their contract they must have performed its conditions on their part to be performed. * * * We claim that, as a matter of law, plaintiffs are not entitled to any lien, for the reason that they have failed to perform their contract." And "that if the plaintiffs failed to perform their contract, so as to entitle them to recover, then Beach and Company are not entitled to any lien." This pertains to the contract and its fulfillment by plaintiffs, considered aside from the said claim for extra materials and labor. The question thus propounded is a mixed one, consisting of both law and fact. The plaintiffs, however, admit that they have not fully performed, but claim that whatsoever has been left undone by them was excused by the acts of Mrs. Elwert. The court below found that she refused to allow or permit plaintiffs to fully comply with the conditions of the contract, which finding appears to be supported by the testimony, although we find much conflict therein.

But the court having seen the witnesses, heard them testify, and observed their demeanor while upon the stand, its finding ought not to be disturbed, unless clearly against the weight of evidence.

2. The real question, then, comes to this: Can the lien be maintained without full performance of the contract upon which it is based, where such performance is prevented by the owner, who is a party to the contract? Regarding this proposition the author of Phillips on Mechanics' Liens, § 138, states the rule as follows: "It is, however, universally true that no loss of lien is occasioned for the work actually performed in accordance with the contract, when the work has been stopped or abandoned in consequence of the default of the owner." To this rule some of the authorities make an apparent exception in the case of nonpayment of installments by the owner, but it is evidently true that, as to this, the contract stipulations may make the payment of such installments conditions precedent, and thus the nonpayment thereof would become a material default upon the part of the owner. But where the owner has by positive acts, as in the case at bar, prevented the full performance upon the part of the contractors, there can be no question but they will have a lien for materials furnished and labor performed, so far as they have in good faith proceeded under the contract. See *Howes* v. *Reliance Wire Works Company*, 46 Minn. 47 (48 N. W. 448); *Charnley* v. *Honig*, 74 Wis. 163 (42 N. W. 220); *Smith* v. *Norris*, 120 Mass. 63, and *Merchants' and Mechanics' Savings Bank* v. *Dashiell*, 25 Gratt. 625. And this rule also has a like application in excusing the plaintiffs from the necessity of procuring the certificate of the architect or superintendent showing a satisfactory compliance

on their part. The court below found that, as far as plaintiffs were permitted, they had substantially performed, and this finding is warranted by the testimony. Hence plaintiffs were entitled to their lien for materials furnished and labor performed under the contract, and it follows that Beach is also entitled to his lien. All other findings of fact are in substantial accord with the testimony, and hence the decree of the court will be affirmed.     AFFIRMED

Argued November 12, 1895; decided January 27, 1896; rehearing denied.