Submitted on briefs January 20, modified February 2, rehearing
denied March 9, 1926.

# JAMES A. C. TAIT & COMPANY v. J. D. STRYKER, ET AL.

### (243 Pac. 104.)

**Mechanics' Liens — Party Furnishing Materials to Original Contractor Required to File Lien Within Thirty Days After Completion of Building.**

1. One furnishing materials to original contractor is required, under Sections 10195, 10200, Or. L., to file for record notice of lien within thirty days after completion of building.

**Mechanics' Liens — Filing of Lien Within Thirty Days After Permanent Abandonment of Work Held Sufficient.**

2. Where building under construction was never completed, filing of liens by materialmen within thirty 'days after permanent abandonment of the work was sufficient. ·

**Mechanics' Liens—Original Contractor Held to be ·Personally Liable for Labor and Material Purchased, and Obligations Incurred are Basis for Liens Against Building.**

3. Original contractor, who obligates himself to purchase and pay for labor and material, becomes personally liable therefor, but is not common-law agent of owner, and cannot bind owner personally for labor or materials furnished, but obligations incurred may be basis of lien against building or improvements being constructed.

**Appeal and Error—On Showing of Sale of Materials, Amount Due, Proper Filing of Lien and Proper Parties Defendant, Plaintiff Held Entitled to Personal Judgment Against Original Contractor and Decree Foreclosing Lien, Which, if Error, cannot be Complained of by Subsequent Purchaser from Owner of Building.**

4. On showing that plaintiff sold materials to original contractor for use in construction of a building, which were not paid for, that a lien claim was filed as provided by law, and that original contractor, owner, and subsequent purchaser were made parties to suit, plaintiff was entitled to a personal judgment against original contractor for amount due and for a decree foreclosing its lien on the property, in view of Section 10199, Or. L., but, if there was error in judgment and decree, subsequent purchaser, not having been injured thereby, has no cause for complaint.

**Mechanics' Liens—Recital in Lien, of Request of Original Contractor, Held not Variance from Pleading and Proof Showing Delivery to Original Contractor After Purchase by Owner.**

5. Recital in lien, that materials were furnished and delivered at request of original contractor as required by Section 10195, Or. L., was not a variance from allegations and proof that materials were

---

1. See 18 R. C. L. 930.

delivered to original contractor after their purchase by owner, so as to render lien void, in absence of showing that owner was misled thereby as required by Section 97, Or. L.

Pleading—"Variance" Requires a Real Difference Between Allegations and Proof.

6. To constitute a "variance," there must be a real and tangible difference between the allegations in pleading and proof offered in its support.

Mechanics' Liens—Original Contractor Entitled to Lien for All Lienable Items of Parties from Whom He Purchased Materials, Except as to Enforced Lien.

7. Inclusion in notice of lien by original contractor, of lienable claims of parties from whom he had purchased materials for which he was personally liable, did not invalidate his lien, and original contractor was entitled to a lien for all such lienable items except as to materialman, whose lien was enforced.

Mechanics' Liens—Judgment Against Owner in Attachment Action Properly Included in Decree Foreclosing Original Contractor's Liens.

8. In suit to foreclose a lien for labor and materials against owner, original contractor, who filed a cross-complaint, and other lien claimants, it was proper to include in decree amount of judgment obtained by original contractor against owner in an attachment action against property in question, which was not included in original contractor's lien, leaving distribution of proceeds of sale between different claimants to be made in accordance with Section 10199, Or. L.

Mechanics' Liens—Original Contractor Entitled to Lien for Work Done Before Repudiation of Contract by Owner.

9. Instruction by owner to original contractor to discontinue work on building was a repudiation of contract between the parties and entitled original contractor to a lien for work done under the contract before repudiation.

Mechanics' Liens—Under Architects' Notice of Lien Containing Lump Sum, and from Which No Segregation of Lienable and Nonlienable Items Could be Made, the Entire Lien Fails.

10. Where notice of lien, filed by architect for preliminary plans and superintendence, contained but one item of charge, including all services performed, and lienable items allowable under Section 10191, Or. L., could not be segregated from the nonlienable items from anything appearing on face of notice or without the aid of extrinsic proof, the entire lien fails.

Furnish, 27 C. J., p. 931, n. 63, 66, p. 932, n. 97.

Mechanics' Liens, 27 Cyc., p. 84, n. 15, 16, p. 87, n. 43, p. 99, n. 6, p. 117, n. 6, p. 187, n. 88, p. 406, n. 7, p. 430, n. 96 New, p. 436, n. 37.

Statutes, 36 Cyc., p. 1147, n. 28, 30.

7. See 18 R. C. L. 910.
10. See 18 R. C. L. 942.

From Multnomah: George W. Stapleton, Judge.

In Banc.

Modified.  Rehearing Denied.

For appellant there was a brief over the name of *Messrs. Hodges & Gay.*

For respondent there was a brief over the name of *Messrs. Lewis, Lewis & Finnegan.*

For respondent Commercial Lumber Company there was a brief over the name of *Messrs. Platt, Platt, Fales & Smith.*

For respondent George E. Mangas there was a brief over the name of *Mr. Chas. E. Lenon.*

For respondent Edward A. Miller there was a brief over the name of *Messrs. Lewis, Lewis & Finnegan.*

RAND, J.—This appeal is from a decree foreclosing certain liens for labor and material furnished for the construction of an apartment house. The plaintiff James A. C. Tait & Company, a corporation, is one of said lien claimants, and furnished at the special instance and request of defendant George E. Mangas, who in his dealings with plaintiff was an original contractor, certain material for use in the construction of said apartment house. The defendant Jason C. Moore was at the time the labor and materials were furnished by plaintiff and the other lien claimants the owner of the premises and of the improvements then being placed thereon. Since that time, J. D. Stryker, another defendant, and the appellant herein, has acquired title to the property, and is now the owner thereof. Plaintiff had judg-

ment and decree in the court below against Mangas personally, and also had decree foreclosing his lien upon said property.

It is contended that the decree in favor of plaintiff is erroneous upon two grounds: (a) that plaintiff's lien is not enforceable, because the notice thereof was not filed for record within thirty days from the day upon which the last delivery was made, and (b) that having obtained a personal judgment and decree in this suit against Mangas for the amount for which the lien is claimed, plaintiff is not entitled to have its lien enforced against the rights and interest of the present owner of the property, although plaintiff's claim was, and still is, unpaid.

It appears from the testimony that the last delivery of material by plaintiff was made on April 27, 1923, and that the notice of lien was not filed until June 21, 1923, after a lapse of more than thirty days.

In *Ainslie* v. *Kohn*, 16 Or. 363 (19 Pac. 97), it was held that what are now Sections 10195 and 10200, Or. L., being parts of the same act, and relating to the same subject matter, are to be construed *in pari materia*, and that when so construed the statute directs that the original contractor must file his claim of lien within sixty days after the completion of his contract, and that all other persons are required to file their claims within thirty days from the completion of the building or improvement for which the lien is claimed. This construction of the statute has been upheld in *Curtis* v. *Sestanovich*, 26 Or. 107, 120 (37 Pac. 67), *Fitch* v. *Howitt*, 32 Or. 396, 404 (52 Pac. 192), *Coffey* v. *Smith*, 52 Or. 538, 541 (97 Pac. 1079), and *Christman* v. *Salway*, 103 Or. 666 (205 Pac.

541). It is contended that this well-settled rule was changed by the decision in *Bernard* v. *Hassan,* 60 Or. 62 (118 Pac. 201). What was there said must be considered in its relation to the particular facts of that case, and when so considered it will be found that there was no intention to change the rule. That case defines an original contract or within the meaning of the mechanic's lien law, as one who furnishes labor or material upon a contract direct with the owner.

1, 2. Plaintiff's contract was not directly with the owner, but with Mangas, who had contracted with the owner to furnish all the labor and material necessary to construct a part of the building then being erected. As such, it was only required to file for record, its notice of lien within thirty days after the completion of the building. The building, however, has never been completed, and there has been an entire cessation of work thereon. The evidence discloses that the completion of the building has been permanently abandoned, and that no work has been done thereon since the latter part of May, 1923, but the evidence does disclose that work was done thereon, and that there was no intention to permanently abandon the construction of the building, upon the part of the owner, until less than thirty days before plaintiff's notice of lien was filed, and it also discloses that other deliveries were to be made by plaintiff of material to be used in the construction of the building under its contract with Mangas, and that these deliveries were temporarily suspended at the request of the owner, who was then endeavoring to borrow money with which to complete the construction of the building, and that upon his inability to obtain money for that purpose, plaintiff

was notified to make no further delivery. Under such circumstances it seems to be the rule that since the building was not completed, plaintiff would have thirty days after the permanent abandonment of the work in which to file his notice of lien.

In *Catlin* v. *Douglass,* 33 Fed. 569, the statute then under consideration gave to lien claimants, four months from the completion of the building, in which to file their lien claims. A lien was claimed upon buildings which had not been completed, and upon which work had been permanently abandoned, and it was in effect held that the abandonment of the work constituted in legal effect a completion of the building for the purpose of filing mechanics' liens. Such seems to be the rule followed in *Pedretti* v. *Stichtenoth,* 6 Ohio C. T. 517; *McCarthy* v. *Groff,* 48 Minn. 325 (51 N. W. 218); *Shaw* v. *Stewart,* 43 Kan. 572 (23 Pac. 616); *Main Street Hotel Co.* v. *Horton Hardware Co.,* 56 Kan. 448 (43 Pac. 769).

3. There is no merit in plaintiff's second contention. In dealing with plaintiff, Mangas was an original contractor; he had contracted with Moore to furnish the labor and material for the construction of a part of the building, and by the terms of the contract was to be paid certain stipulated sums or amounts as the work progressed. This obligated him to purchase and pay for such labor and material as he should use in the performance of his contract, and upon his employment of labor, or purchase of material, he became personally liable therefor. Neither by the terms of his contract with Moore, the owner of the property, nor by any relation arising therefrom did Mangas become a common-law agent of Moore. Not being a common-law agent, he had no authority to bind Moore personally

for obligations incurred in the performance of his contract, but under the statute, he was authorized to incur obligations with third parties, which if not paid, could be made the basis of a lien against the building or improvement which he was constructing for Moore.

4. The transcript of testimony discloses that Mangas purchased certain material from plaintiff, for use in the construction of the building, for which he failed to pay; that plaintiff filed for record in the proper office a claim of lien in proper form, for the material thus furnished, and within the time provided by statute commenced this suit, making both Moore and Stryker parties defendant, and that in its complaint plaintiff prayed for judgment and decree against Mangas for the amount due, and for a decree foreclosing its lien upon said property, and the record shows that the relief thus prayed for was granted. Under the facts alleged, and the proof, plaintiff was entitled to the relief sought. The case is analogous to one where a promissory note and mortgage upon real property has been given by the owner of the property, who afterwards conveyed the same to a third party, and suit has been brought against both the maker of the note and the owner of the property. In such case, the plaintiff would be entitled to a judgment and decree against the maker of the note for the amount due, and also to a decree foreclosing the mortgage.

Section 10199, Or. L., directs that upon the foreclosure of mechanics' and materialmen's liens, the proceedings as nearly as possible shall be made to conform to proceedings foreclosing mortgage liens upon real property, and expressly provides that: ''in all suits to enforce any lien created by this act, all

persons personally liable, and all lienholders * * and all other persons interested in the matter in controversy, or in the property sought to be charged with the lien, may be made parties." Hence there was no error in entering a personal judgment against Mangas and at the same time decreeing the foreclosure of the lien. However, if there had been error, Stryker, not having been injured thereby, would have no cause of complaint.

5, 6. The Commercial Lumber Company, also a cross-complainant, furnished material, filed notice of lien, and had decree foreclosing the same in this suit. Its lien recites that the material was furnished and delivered at the special instance and request of Mangas, and that Mangas was a contractor and agent of Moore. The cross-complainant alleged, and the proof showed, that the material was sold to Moore and delivered to Mangas. It is contended that because the lien recites that the material was furnished at the special instance and request of Mangas, and it was alleged and proved that it was only delivered to Mangas, after being purchased by Moore, the difference in the recital of the lien and the allegation and proof constitutes a variance which renders the lien void. To constitute a variance, there must be a real and tangible difference between the allegations in the pleading, and the proof offered in its support. By Section 97, Or. L., no variance shall be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. It is obvious that Moore could not have been misled by this recital in the lien. Section 10195, Or. L., requires a lien claimant to state in his claim of lien, "the name of the person * * to whom he furnished the material."

The word "furnished" has various meanings, one of which is, "to supply a person with something"; others are, "to provide what is necessary for," "to equip," "to fit out": Webster's New International Dictionary. The language of the statute is:

"The name of the person * * to whom he furnished the material,"

not the name of the person at whose request the same was furnished.

7. Defendant Stryker also contends that the court erred in entering a decree in favor of defendant George E. Mangas. His notice of lien included, all separately stated, the claims of James A. C. Tait & Company, McCracken-Ripley Company, J. A. Lyons and Cress & Company, for labor or material which had entered into the construction of the building, and had been purchased by Mangas, under and in performance of his contract with the owner, and for which Mangas was himself personally liable. Each of said parties had filed a separate claim of lien for their respective claims, but none of these liens, except that of James A. C. Tait & Company, were foreclosed. At the trial, the cross-complaint of Mangas, as to the claim of plaintiff James A. C. Tait & Company, was dismissed, and Mangas was given a decree for an amount which included the claims of all of the other of said parties, none of whom either sought, or obtained relief in the suit. Since Mangas was personally liable to each of these parties for the amount of their respective claims, and their accounts were for lienable items only, Mangas was entitled to a lien for the labor and material furnished by each of them, and his inclusion of their claims

in his notice of lien, did not invalidate his lien, under the principle stated in 27 Cyc., page 84, that,

"The contractor is entitled to his lien, not only for his own labor, but for the labor of those under him, and even though his workmen have taken out liens the effect is only to diminish the contractor's lien *pro tanto.' Christian* v. *Salway, supra.*

James A. C. Tait & Company enforced their lien; the others waived theirs, and since their individual right to a lien was waived, he was entitled to a lien for the amount of the lienable items furnished by them and used by him in the construction of the building, he himself being personally liable therefor.

8. It is also contended that it was error for the court to include in the decree, the amount of a judgment which Mangas had obtained against Moore, in an attachment action, wherein the property in question had been attached, which amount was not included in the amount of Mangas' lien, but was held by the decree to have the benefit of an attachment lien against the property. This suit was brought by plaintiff against all of the defendants and cross-complainants seeking a foreclosure of plaintiff's lien. The complaint alleged that each of said defendants claimed an interest in said property, inferior to that of the plaintiff, and required them to set up whatever interest they had therein, or that all defendants be forever barred and foreclosed of all right, title and interest therein. Under the allegations of the complaint, it was necessary for Mangas to set up in his answer and cross-complaint the interest he had acquired in the property, by virtue of the attachment, and upon proof of the attachment it was proper for the court to preserve the interest thus vested in Mangas, leaving the distribution of the pro-

ceeds of the sale between the different claimants thereof, to be made in accordance with the directions of Section 10199, Or. L.

9. Another objection urged is, that Mangas' work was performed under an entire contract that he never completely performed, and therefore is not entitled to a lien. It is not disputed, and the whole testimony shows, that Mangas discontinued work at the request of the owner, when informed by the owner that he was not going to complete the building, and when directed by him to do no further work thereon. This was a clear repudiation by the owner of his contract with Mangas, and entitled Mangas to a lien for what he had done under the contract before the same was repudiated by the owner. The law on this phase of the case was clearly stated by Mr. Justice WOLVERTON, in *Justice v. Elwert,* 28 Or. 460–464 (43 Pac. 649), which is controlling upon this question and forecloses defendant's objection.

10. But one other objection remains to be considered. Edward A. Miller, the architect of the building, filed his record and notice of lien, which stated his account in these words:

"Jason C. Moore,
    "In Account With,·
        "Edward A. Miller.
"To said labor performed upon and professional services furnished in preparing preliminary studies, drawings, specifications, and in superintending and directing the construction of said building, computed upon sixty per cent of three per per cent of the estimated cost of the construction of said building; the estimated cost of the construction of said building being $148,050.00 ......................$2,664.90"

Section 10191 provides:

"Every mechanic, artisan, machinist, builder, contractor, lumber merchant, laborer, teamster, drayman, and other persons performing labor upon, or furnishing material, or transporting or hauling any material of any kind, to be used in the construction, alteration or repair, either in whole or in part of said building * * shall have a lien upon the same, etc. * * "

This statute gives no lien for most, if not all, of the services performed by Miller. Whether any of such services are lienable, is unnecessary for us to decide, since the notice of lien contains but one item of charge which includes all of the services performed, and is for a lump sum, and no segregation of the lienable items, if there are any such, from the nonlienable items, can be made from anything appearing upon the face of the lien notice, or without the aid of extrinsic proof. The entire lien, therefore, must fail.

For the reasons stated, the decree appealed from, except as to the lien of cross-complainant Edward A. Miller, will be affirmed; his claim will be disallowed, and to that extent only the decree of the lower court will be modified without costs in this court to any party.          MODIFIED.   REHEARING DENIED.