Argued November 30, affirmed December 7, modified as per stipulation December 28, 1926.

## NICOLAI-NEPPACH CO. *v.* H. D. POORE et al.

(251 Pac. 268.)

**Mechanics' Liens—One Furnishing Material Directly to Owner of Land for Building Thereon Need not Give Statutory Notice (Or. L., § 10191).**

1. One furnishing material for building to be erected on land belonging to another than purchaser must give notice prescribed by Section 10191, Or. L., to effect lien on owner's interest in realty, but not where material is furnished directly to owner.

**Mechanics' Liens—Finding That Material was Furnished Directly to Owner, So as not to Require Statutory Notice, Held Warranted (Or. L., § 10191).**

2. Evidence *held* to sustain finding that material for building was furnished, not to lessees, but directly to owner of land on which

---

1.  See 18 R. C. L. 927.

it was to be erected, so as to entitle materialman to lien, without giving notice prescribed by Section 10191, Or. L.

**Mechanics' Liens—Filing of Lien Within Thirty Days After Furnishing Last Item of Material, for Use in Different Structures, Held in Time.**

3. .Filing of lien before completion of work and within thirty days after furnishing last item of materials, under one contract, for use in different structures, constituting but one enterprise and erected for purpose necessitating sale of entire tract on which built, *held* in time.

**Mechanics' Liens—Filing of Materialman's Lien Within Five Days After Interruption of Work by Creditors Held in Time.**

4. Filing of materialman's lien five days after work was interrupted by creditors taking over premises, on which building was being erected, *held* in time.

**Mechanics' Liens—Materialmen and Laborers may File Liens Within Thirty Days After Ceasing to Work or Deliver Material, or After Completion of Entire Work.**

5. Materialmen and laborers may file liens against structure at any time within thirty days after ceasing to work or deliver material, or within thirty days after completion of entire work.

**Mechanics' Liens—Corporation Supplying Both Material and Labor is Entitled to Lien for Both.**

6. Corporation supplying both material and labor is entitled to lien for labor, as well as material.

**Mechanics' Liens—Mailing Notice to Last Directory Address Held Sufficient to Bind Owner, Knowing of Work and Receiving Benefit.**

7. Mailing of notice, within five days after commencing to deliver materials and becoming entitled to file lien therefor, to owner's address in last directory in which its name appeared, *held* sufficient compliance with statute to bind owner, which knew that work was being done, as required by lease, and received benefit of improvements.

**Mechanics' Liens—Statute Requiring Five Days' Notice to Owner Should be Liberally Construed in Favor of Materialman.**

8. Statute requiring written notice within five days after commencing to deliver materials and becoming entitled to lien therefor should be liberally construed to protect those furnishing material for improvements, particularly where owner receives benefit of improvements for which he has not paid.

**Mechanics' Liens—Statutes Held not to Require That Notice to Owner by Materialman's Lien Claimant be Served by Disinterested Party (Or. L., §§ 539, 541, 10191).**

9. Sections 539, 541, Or. L., requiring service of notice by disinterested party, are part of Code of Civil Procedure, and do not

3. Time for filing mechanic's lien, see notes in 11 L. R. A. 742; 35 L. R. A. (N. S.) 902.

5. See 18 R. C. L. 930.

apply to five-day notice to owner, required of parties claiming lien for materials furnished by Section 10191.

**Mechanics' Liens—Claimant Held not to have Waived Lien for Material Furnished Within Five Days Before Mailing Notice to Owner by Failure to Give Notice Within Five Days After Delivering First material.**

10. Corporation, claiming lien for material furnished only from five days before notice was mailed to owner, *held* not to have waived right to claim lien for such material by failure to give notice within five days after delivery of first material.

**Mechanics' Liens—Parties Furnishing Material and Labor for Improvements Made by Lessees With Owner's Knowledge, Held Entitled to Lien, in Absence of Notice Posted by Owner (Or. L., § 10194).**

11. Provision in lease requiring lessees to make improvements constituted them owner's agents for such purpose, so as to entitle parties furnishing materials and labor to lien on realty for improvements made with knowledge of owner receiving full benefits without paying for them, in absence of claim that owner posted notice required by Section 10194, Or. L.

Mechanics' Liens, 40 C. J., p. 51, n. 60, p. 52, n. 62, p. 105, n. 72, p. 106, n. 75, p. 125, n. 4, p. 134, n. 20, 22, p. 162, n. 6, p. 163, n. 7, p. 167, n. 88, p. 172, n. 14, p. 190, n. 1, p. 193, n. 50, 51, p. 314, n. 85 New, p. 474, n. 13.

From Clackamas: GEORGE R. BAGLEY, Judge.

Department 1.

This is an appeal from a decree foreclosing several mechanical liens against the Wilhoit Springs Mineral Water Company. The liens are against a number of buildings situate on a tract of land comprising about 300 acres in Clackamas County, Oregon. The decree in favor of the defendants, Robert Skeen, doing business under the name of Robert Skeen Electric Works and Finnigan & Williams, Inc., a corporation, directs the sale of the estate in fee of the appellant Wilhoit Springs Mineral Water Company. The appeal is from only that part of the decree. The only parties interested in this appeal are the Wilhoit Springs Mineral Water Company, the said Robert Skeen and Finnigan & Williams, Inc. About the ninth day of April, 1921, the Wilhoit Springs Mineral

Water Company entered into a written lease with
H. D. Poore, Orian Young and B. O. Rowan, leasing
to them the said Wilhoit Springs property with per-
mission incorporated in the lease to assign the lease
and all their interest therein to a corporation to be
organized by them and to be known as the Wilhoit
Mineral Springs, Inc. It is provided in the lease
among other things that the lessees and their succes-
sor should expend not less than $2,000 per year and
not less than $10,000 for the five years, which was the
term of said lease, in permanent improvements on
said premises. The lessees actually expended a much
larger sum than was required in the lease during the
spring and summer and failed. The total of expendi-
tures in total improvements was in excess of $25,000.
The decree appealed from contained these provisions:

"I. That the defendants H. D. Poore, B. O.
Rowan, Orian Young and the Wilhoit Mineral
Springs, Inc., at the time the material and labor was
furnished and performed had a good, valid and exist-
ing lease for a term of years ending the 15th day of
April, 1926, and as such lessees were entitled to the
use and possession of the following described real
property, to-wit: The North half of Section 16, Town-
ship 6, South of Range 2, East of the Willamette Me-
ridian, except the Southeast quarter of the South-
west quarter of the Northwest quarter and the
Southwest quarter of the Southeast quarter of the
Northwest quarter of said section, situated and being
in Clackamas County, State of Oregon, and the im-
provements thereon, and that the term of said lease
by its terms expires the 15th day of April, 1926.

"II. That the plaintiff have judgment against and
recover off and from the defendants H. D. Poore,
Orian Young, B. O. Rowan and the Wilhoit Mineral
Springs, Inc., for the sum of One Thousand Seven
and 14/100 ($1007.14) Dollars, with interest on
$406.00 from August 23, 1921, until paid, at the rate

of six per cent per annum, and interest on $301.94 from August 29, 1921, until paid, at the rate of six per cent per annum, and for interest on $94.00 from August 26, 1921, until paid, at the rate of six per cent per annum, and for plaintiff's costs and disbursements incurred in this suit taxed at $———.

"III. That the defendant and cross-complainant Finnigan & Williams, Inc., a corporation, have judgment against and recover off and from the said defendants H. D. Poore, Orian Young, B. O. Rowan and the Wilhoit Mineral Springs, Inc., for the sum of Five Thousand Six Hundred Sixteen and 27/100 ($5616.27) Dollars, with interest on Five Thousand Two Hundred Thirty-one and 27/100 ($5231.27) Dollars, at the rate of six per cent per annum from the 23rd day of August, 1921, until paid, and for its costs and disbursements incurred in this suit, taxed at $———.

"IV. That the defendant and cross-complainant Robt. Skeen, have judgment against and recover off and from the defendant Wilhoit Springs Mineral Water Co., a corporation, H. D. Poore, Orian Young, B. O. Rowan and Wilhoit Mineral Springs, Inc., for the sum of $1593.49, with interest on $1443.49 at the rate of six per cent per annum from the 24th day of August, 1921, until paid, and for its costs and disbursements incurred in this suit, taxed at $———.

"VI. That said judgments for said several sums of money and the liens of the said plaintiff and the defendant lien claimants, each are declared and decreed to be first, valid and subsisting liens upon and against that certain leasehold interest of the said defendants H. D. Poore, Orian Young, B. O. Rowan and the Wilhoit Mineral Spring, Inc., in and to the above described real property for the said sums of money respectively as hereinbefore set forth, and that the said judgments and liens of the said plaintiff and the said judgments and liens of the said defendants and cross-complainants as heretofore set forth, be foreclosed against said leasehold interest, and that said

leasehold interest be sold in the manner and form provided by law, to satisfy said claims.

"VII. That the said defendant and cross-complainant Finnigan & Williams, Inc., has a lien against the fee of, and against the following described real property, to-wit: The North half of Section 16, Township 6, South of Range 2, East of the Willamette Meridian, except the Southeast quarter of the Southwest quarter of the Northwest quarter, and the Southwest quarter of the Southeast quarter of the Northwest quarter of said section, situated and being in Clackamas County, State of Oregon, and the buildings constructed thereon, for the sum of $5030.71 with interest on $4645.71 at the rate of six per cent per annum from August 23, 1921, until paid, and for its costs and disbursements incurred in the prosecution of this action, taxed at $——, with interest on the last sum at the rate of six per cent per annum from date hereof, until paid; and that said defendant and cross-complainant Finnigan & Williams, Inc.'s claim of lien is a first, valid and subsisting lien upon said property described in this paragraph, and against the estate of the defendant Wilhoit Springs Mineral Water Co. therein, and the buildings constructed thereon, for said sums of money, and that said defendant and cross-complainant's lien as herein set forth, be foreclosed against said property, and estate of the defendant Wilhoit Springs Mineral Water Co., and that said premises and real property and estate be sold in the manner as in this decree hereinafter provided.

"VIII. That the defendant and cross-complainant Robt. Skeen has a lien against the fee of, and against the following described real property, to-wit: The North half of Section 16, Township 6, South of Range 2, East of the Willamette Meridian, except the Southeast quarter of the Southwest quarter of the Northwest quarter, and the Southwest quarter of the Southeast quarter of the Northwest quarter of said section, situated and being in Clackamas County, State of Oregon, and the buildings constructed thereon, for

the sum of $1593.49, with interest on $1443.49 at the rate of six per cent per annum from the 24th day of August, 1921, until paid, and for his costs and disbursements incurred in the prosecution of this action, taxed at $——, with interest on said last sum at the rate of six per cent per annum from date hereof until paid, and that said defendant and cross-complainant Robt. Skeen's claim of lien is a first, valid and subsisting lien upon said property described in this paragraph, and against the estate of the defendant Wilhoit Springs Mineral Water Co., therein, and the buildings constructed thereon, for said sums of money, and that said defendant and cross-complainant's lien as herein set forth, be foreclosed against said property and the estate of the defendant Wilhoit Springs Mineral Water Co., and that said premises and real property and estate, be sold in the manner as in this decree hereinafter provided. * *

"X.    That said several claims of lien of the said defendants Finnigan & Williams, Inc., and Robt. Skeen, for the amounts as heretofore set forth in Paragraphs VII and VIII hereof, are hereby decreed to be liens against said real property prior and superior to all other claims of liens, except said leasehold interest, and that in case the proceeds from the sale of said leasehold interest is not sufficient to pay the claims and liens of all of the said defendants, including the cross-complainants Robt. Skeen and Finnigan & Williams, Inc., for the amounts set forth in Paragraph III and Paragraph IV hereof, together with costs, disbursements and attorney's fees, then in that case, the Sheriff of Clackamas County, Oregon shall sell said real property herein described, in the manner and form provided by law, for sale of real property upon execution, subject to said leasehold interest, and the proceeds of said sale shall be applied as follows:

"1. To the payment of the expense of said sale;

"2. To the payment of the full balance unpaid on said judgment and lien claim of the defendant and cross-complainant Robt. Skeen, including costs and

disbursements and attorney fees; and upon the judgment and lien of the defendant and cross-complainant Finnigan & Williams, but as to Finnigan & Williams, Inc., not to exceed $5030.71, and its costs, disbursements and attorney's fees;

"3. The balance of said proceeds, if any, to be paid to the Clerk of this Court, to be disbursed as the Court may direct.

"It is Further Ordered, Adjudged and Decreed, that in case the leasehold interest hereinbefore described does not sell for a sum sufficient to pay plaintiff and the defendant and cross-complainant W. P. Fuller & Co. in full of its claim, including costs and attorney's (fee) and interest, then the said plaintiff, and the defendant and cross-complainant W. P. Fuller & Co. have judgment over and against, and recover off and from the said defendants H. D. Poore, Orian Young, B. O. Rowan and the Wilhoit Mineral Springs, Inc., for any deficiency remaining after said sale, and that the said defendants H. D. Poore, Orian Young, B. O. Rowan and the Wilhoit Mineral Springs, Inc., and the said defendant Wilhoit Springs Mineral Water Co., and all persons claiming through or under them, and all persons having liens subsequent to the mechanics' liens hereinbefore described, upon said premises or leasehold interest, and all persons having any liens or claims whatsoever, other than the liens herein established, and their heirs, assigns, successors and personal representatives, and all persons claiming to have acquired an interest in and to said property above described, subsequent to the filing of the mechanics' liens above described, subsequent to the filing of the mechanics' liens herein foreclosed, and to the commencement of this suit, be forever barred and foreclosed of and from all right, legal and equitable, in or to the hereinbefore described leasehold interest and premises, and every part and parcel thereof, except the statutory right of redemption, and that said plaintiff, and the said defendant lien claimants, or either of them, be permitted to purchase said property at said execution sale,

and that execution and order of execution issue to enforce this decree."

AFFIRMED.

For appellant there was a brief over the names of *Mr. C. Henri Labbe, Mr. Johnston Wilson* and *Messrs. Manning & Harvey,* with oral arguments by *Mr. Labbe* and *Mr. Wilson.*

For respondent Finnigan & Williams, Inc., there was a brief over the name of *Messrs. Lewis, Lewis & Finnigan,* with an oral argument by *Mr. Arthur Lewis.*

For respondent Robt. Skeen there was a brief over the names of *Mr. Geo. B. Cellars* and *Mr. Geo. S. Shepherd.*

For W. P. Fuller, defendant, there was a brief over the name of *Mr. Wm. B. Layton.*

COSHOW, J.—1. It has become the settled law of this state that where a materialman furnishes material for a building to be erected on land belonging to a person other than the purchaser of such material in order to effect a lien on the owner's interest in the real property it is necessary to give the notice prescribed by statute: Or. L., § 10191. It is also well settled that where the material is furnished directly to the owner of the fee that such notice is not required: *Boise-Payette Lumber Co.* v. *Dominican Sisters,* 102 Or. 314 (202 Pac. 554).

2. It is contended by appellant Wilhoit Springs Mineral Water Company that the material furnished by the defendant Skeen was furnished to the lessees, H. D. Poore et al., and their successor Wilhoit Mineral Springs, Inc. The defendant Skeen claims that

the material was furnished directly to the Wilhoit Springs Mineral Water Company. It is conceded that the notice required by said Section 10191, Or. L., was not given by defendant Skeen. The determination of the contention between said parties is purely one of fact. We have carefully examined the evidence and concur with the learned Circuit Court that the material was furnished directly to the defendant Wilhoit Springs Mineral Water Company, the owner in fee of the premises on which the improvements were made and in which the material furnished by the defendant Skeen was used. The testimony upon this issue was confined mainly to the testimony of defendant Robert Skeen and Edw. Labbe, president of the defendant Wilhoit Springs Mineral Water Company. In addition to the positive testimony of the defendant Skeen is the fact that a discount of 10 per cent was allowed by defendant Skeen on all material furnished for said improvements. This discount would not have been allowed to any one of the defendants, excepting the owner of the fee, the said Wilhoit Springs Mineral Water Company. The president of that company and the defendant Skeen had long been friends and at one time partners in electrical works. Because of those relations the defendant Skeen gave to the Wilhoit Springs Mineral Water Company the favor of that discount. It would not have been given to a stranger. It is not disputed that the president of the Wilhoit Springs Water Company went to the place of business of the said Robert Skeen and interested the said Robert Skeen in furnishing the material. The said Edw. Labbe claims that he simply introduced one of the three lessees, to wit: One B. O. Rowan. The defendant Robert Skeen testified that in addition to introducing the said Rowan, he re-

quested Skeen to go out to Wilhoit Springs to ascertain what was needed and to furnish the supplies. One cannot read the testimony without being convinced that Robert Skeen thought he was furnishing the material to the Wilhoit Springs Mineral Water Company through its president, the said Edw. Labbe. He was led to that belief by the conduct of the said Labbe. He would not have given it the discount that he did if he had not believed that the said Edw. Labbe was the purchaser of the material. It was the duty of the said Edw. Labbe, if he was not purchasing it, to have conveyed to his old time friend and former partner the facts so that said Skeen could have protected himself. We are persuaded that Skeen sold the material to said Labbe as president of the Wilhoit Springs Mineral Water Company, which has received all the benefits of the material so furnished and has never paid for them.

3. It is also claimed by the appellant Wilhoit Springs Mineral Water Company that the lien filed by the defendant Skeen was not filed within thirty days after the completion of the buildings in which said material was used. The record shows, however, that the last item furnished by said Robert Skeen was within thirty days of the filing of his lien. It is stipulated in the record that the material, though used in different structures, was furnished under one contract, and that the several structures constituted but one enterprise and that it was necessary for the convenient use of the structures for the purpose for which they were erected that the entire tract of 300 acres should be sold. In addition to the foregoing considerations the work undertaken by defendants Poore et al. and Wilhoit Springs Mineral Water Co. was not completed. Defendant Skeen had until

thirty days after the completion of the work in which to file his notice of lien: *Wills* v. *Zanello,* 59 Or. 291 (117 Pac. 291); *Tait et al.* v. *Stryker et al.,* 117 Or. 338 (243 Pac. 104).

4, 5. The objections to the lien of defendant Finnigan & Williams, Inc., are three. First, that the lien was not filed within thirty days of the substantial completion of the work. It is claimed that the work was substantially completed on the opening day, to wit: June 12, 1921, or not later than July 10, 1921. The lien was not filed until August 23, 1921. The record, however, shows that the work was not completed when the premises were taken over by the creditors, to wit: August 18, 1921. The testimony convinces us that the work never was completed. It was interrupted by the creditors as aforesaid. Materialmen and laborers may file a lien against a structure at any time within thirty days after claimant ceases to work or deliver the material, or within thirty days after the completion of the entire work: *Wills* v. *Zanello,* 59 Or. 291 (117 Pac. 291); *Tait et al.* v. *Stryker et al.,* 117 Or. 338 (243 Pac. 104). It is our opinion that the lien was filed in time.

6. Second, Finnigan & Williams, Inc. is not entitled to the lien for labor for the reason that under the circumstances the laborers were the employees of the lessees, and Finnigan & Williams, Inc. is not a contractor or a laborer under the statute. The evidence shows that the labor done for which defendant Finnigan & Williams, Inc. claims the lien was performed by its own employees. It has been ruled by this court that a corporation, firm or person supplying material and labor is entitled to a lien for the labor supplied as well as the material: *Christman* v. *Salway et al.,* 103 Or. 666 (205 Pac. 541).

7. Third, Finnigan & Williams, Inc. is not entitled to a lien for the materials furnished for it did not deliver or mail the statutory five-day written notice within five days after it had commenced to deliver materials and might file a lien therefor. The evidence convinces us that a notice was mailed on May 31, 1921, addressed to the appellant Wilhoit Springs Mineral Water Company, Labbe Bldg., Portland, Oregon. Finnigan & Williams, Inc. claim a lien for all material furnished after five days prior to the last-named date. It is contended that the address of the defendant Wilhoit Springs Mineral Water Company was not in the Labbe Building but in the Gasco Building. The name Wilhoit Springs Mineral Water Company did not appear in the Portland directory for the years 1919, 1920 and 1921, but it did appear in the directory for 1917 and 1918, and it is there given as the Labbe Building. The defendant Wilhoit Springs Mineral Water Company knew that the construction work was being carried on. Indeed, their lease with Poore and others required that it be done. The president of the Wilhoit Springs Mineral Water Company, Mr. Edward Labbe, went to the defendant Skeen and requested him to furnish the material due certain work in those improvements.

8. A liberal construction of the statute should be made for the purpose of protecting those who furnish material and labor for improvements, particularly where the owner of the freehold received the benefit of such improvements for which he has not paid. That is the case here. We think there is sufficient showing of the mailing of the notice to comply with the statute. There is no evidence of bad faith on the part of claimant in directing the notice as it did.

9. It is also contended that the notice was mailed by an interested party, to wit: the secretary of the corporation Finnigan & Williams, Inc. It is claimed in this connection that Sections 539 and 541, Or. L., require the notice to be served by a disinterested party. These sections are a part of the Code of Civil Procedure and have no application to the notice required under Section 10191, Or. L. This section required the claimant to give the notice.

10. It is also claimed that since the notice was not given within five days after the delivery of the first material, that the defendant Finnigan & Williams, Inc. waived its right to claim a lien. That corporation began furnishing material in April and did not give the notice until May 31st. It claims, however, a lien upon the material furnished only from May 26th, five days prior to the date the notice was mailed. It would be too strict a construction of the statute to hold that because notice was not given within five days after the first delivery of the material that the lien claimant could not recover for material furnished within five days and after the notice was given. We think the more reasonable construction of the statute was adopted by the learned Circuit Court in allowing the lien. By not giving the notice required by statute within five days after the first delivery of material, the claimant waived its lien for all material so furnished until within five days of the time when notice was given: *Columbia River Door Co.* v. *Todd,* 90 Or. 147 (175 Pac. 443, 860).

11. We think the equities are all in favor of defendants, Robert Skeen and Finnigan & Williams, Inc. They furnished the material and performed the labor for making the improvements on land owned by the defendant Wilhoit Springs Mineral Water

Company. By the terms of the lease between that corporation and H. D. Poore and others, the lessees were required to make the improvements. This provision in the lease constituted the lessees agents of the owner, the defendant Wilhoit Springs Mineral Water Company, for the purpose of constructing the improvements: *Oregon Lumber & Fuel Co.* v. *Nolan,* 75 Or. 69 (143 Pac. 935, 146 Pac. 474). The owner knew that the improvements were to be made and received the full benefits thereof without paying for the same. There is no claim that the owner posted the notice required by Section 10194, Or. L. These conclusions require the affirmance of the decree, and it is so ordered.

AFFIRMED. MODIFIED AS PER STIPULATION.

McBRIDE, C. J., and BEAN and RAND, JJ., concur.