Argued April 25, reversed July 30, 1929.

PACIFIC COAST STEEL CO. *v.* UHRBRAND & LEURICK CONSTRUCTION CO. ET AL.

(279 Pac. 848.)

For appellant there was a brief over the name of *Messrs. Raffety & Pickett,* with an oral argument by *Mr. Harry L. Raffety.*

For respondents Astoria Savings Bank, Northwestern Trust Co. and W. C. Logan there was a brief over the name of *Messrs. G. C. & A. C. Fulton,* with an oral argument by *Mr. A. C. Fulton.*

For respondents Uhrbrand & Leurick Construction Co. and Astoria Improvement Co. there was a brief over the name of *Mr. Edward E. Gray.*

For respondent Astoria Crushed Rock Co. there was a brief over the name of *Mr. Frank Spittle.*

BEAN, J.—This is a suit to foreclose a mechanic's lien upon the east one-half of lot numbered 3, and all of lots numbered four, five and six in Block numbered 59 of the town, now City of Astoria, as laid out and recorded by John McClure in Clatsop County, State of Oregon, together with the building known as a theater and office building located thereon. The suit was instituted by plaintiff, Pacific Coast Steel Company, a corporation. Six of the defendants filed a demurrer to the amended complaint, challenging the sufficiency of that pleading. The Circuit Court sustained the demurrer and dismissed plaintiff's complaint. Plaintiff appeals. The demurrer was sustained, as we understand, on the ground that it appeared from the complaint that there had been an abandonment of the construction of the building and that plaintiff's lien was not filed within the required time thereafter.

After alleging the capacity of the several defendants, the complaint alleges, in substance, that the defendants Uhrbrand & Leurick Construction Company, Inc., as contractors undertook and contracted to construct a theater building on certain real property in Astoria, Oregon, for the defendant Astoria Improvement Company, the owner of said real property. That the plaintiff supplied steel to the contractor of the reasonable value of $3,687.93, no part of which has been paid, except $468.32, leaving a balance of $3,219.61.

which steel was used in the construction of said building, for which plaintiff duly filed a notice of lien.

The complaint then alleges as follows:

"The construction of said theatre and office building was commenced some time prior to the 20th day of June, 1925, and after plaintiff had sold and delivered the building material above mentioned to the defendant, Uhrbrand & Leurick Construction Co., Inc.; and after the same had been used in the construction of said theatre and office building, the defendant, Uhrbrand & Leurick Construction Co., Inc., on or about the 15th day of July, 1925, suspended work thereon, but without abandonment for either themselves or the said owners or anyone else, and thereafter on or about the 6th day of August, 1927, construction thereof was resumed and continued for said defendant, Astoria Improvement Company, by the defendants, Eric Anderson and Evald Anderson, doing business as E. Anderson & Son, and afterward on or about September 20, 1927, the work thereon was suspended."

Thereafter is alleged the giving of the five days' notice and that on the fourteenth day of September, 1927, plaintiff filed its mechanic's lien against said property. The prayer of the complaint asks for judgment in the amount of the lien against the defendant contractors Uhrbrand & Leurick Construction Company, Inc., and for foreclosure of the lien. The complaint discloses the construction of foundation, basement, walls and floors at the time the contractors suspended operations.

Section 10195, Or. L., provides:

"It shall be the duty of every original contractor, within sixty days after the completion of his contract, and of every mechanic, artisan, machinist, builder, lumber merchant, laborer, or other person, save the original contractor, claiming the benefit of this act, within thirty days after the completion of the alteration or repair thereof, or after he has ceased to labor

thereon from any cause, or after he has ceased to furnish materials therefor, * * '' to file with the county clerk of the county his claim of lien.

It is strenuously argued by counsel for defendants that from the allegations of the complaint, the contractors completed their contract, and that the time for filing the lien obviously is claimed to be governed by the contract; that it was the structure, consisting of a foundation, basement, etc., described above, which was to be constructed by the contractors, and not a building. A fair construction of the complaint, however, discloses that there was under construction upon the lots described, a building. That the material furnished by plaintiff "was used in the construction of said theater and office building" before the contractor suspended work.

The question for determination is whether or not there was an abandonment of the construction of the building so as to take the place of the completion thereof mentioned in the statute. It is contended by the defendants and, as we read the record, held by the trial court, that the construction of the building was abandoned by Uhrbrand & Leurick Construction Company, Inc., on or about July 15, 1925, when they suspended work thereon, and that the building was abandoned by the owner on or about August 6, 1927, when the owner made a new contract with defendants Eric Anderson and Evald Anderson, doing business as E. Anderson & Son, to continue the work; and that firm resumed and continued the construction of the building; "therefore plaintiff was required to file its notice of lien within 30 days after the 6th day of August, 1927. This it failed to do for it was not filed until September 14, 1927."

It will be noticed from the statute that while the time for the filing of the lien by the original con-

tractor begins to run from the completion of his contract, a different provision is made for a material-man, or other person, save the original contractor, which is within thirty days "after the completion of the alteration, or repair thereof," or after he has ceased to labor or to furnish materials therefor.

Since the briefs were prepared by the learned counsel, in this case, in addition to the cases of *Nicolai-Neppach Co.* v. *Poore*, 120 Or. 163, 174 (251 Pac. 268), and *James A. Tait & Co.* v. *Stryker*, 117 Or. 338 (243 Pac. 104), cited by them, there has been rendered by this court opinions in the case of *Eastern & Western Lumber Co.* v. *Williams*, 129 Or. 1 (276 Pac. 257), Adv. Sheets, Vol. 8, No. 11, p. 569 (Apr. 2, 1929), and also the case of *Stark-Davis & Co.* v. *Fellows*, 129 Or. 281 (277 Pac. 110), Adv. Sheets, Vol. 7, No. 15, p. 807. In both of the latter opinions, it was held, in effect, that in order to constitute a permanent abandonment of the construction of a building, so that the same would take the place of the completion thereof mentioned in the statute, there should be not only a cessation of operation, but also an intent on the part of the owner and contractor to cease operations permanently so as to give a fair notice of the abandonment of construction to a lien claimant, either actual or constructive.

In the present case, there was no intent upon the part of the owner or contractor to permanently abandon the construction of the building alleged or manifested by the complaint. No abandonment is pleaded by defendants. Instead of indicating an abandonment of the construction of this theater and office building, the fact that the owner proceeded to make a contract with or procure the firm of Eric Anderson & Son, to continue the construction of the building, shows an intention to obtain a completed building.

It does not follow that because the owner made a second contract for the construction of a portion of the building that the right of lien terminated, or the time for filing same began to run from that time. On the contrary, there may be numerous contracts for the construction of an edifice; one for the woodwork, and separate contracts for the cement, steel, plumbing, painting and so forth. And the several contracts would not fix the time for the filing of a lien by materialmen under the statute, the thirty days for which begins to run after the completion.

The complaint alleges that the claim of lien was filed before the building was completed and in less than thirty days from the time the work was suspended on September 20, 1927.

It was error to sustain the demurrers to the complaint. The judgment of the Circuit Court is reversed, with directions to overrule the demurrers and take such further proceedings as may seem meet, not inconsistent herewith.

REVERSED, WITH DIRECTIONS.

CoSHOW, C. J., and RAND and BELT, JJ., concur.