Argued 19 July, decided 15 August, 1905.

**HORN *v.* UNITED STATES MINING CO.**

81 Pac. 1009.

APPEAL—AVAILABILITY OF OBJECTION.

1. The objection that the facts stated in a complaint do not constitute a cause of suit may be first urged on appeal, and defendant is not concluded by the decree.

ENFORCEMENT OF LIENS NOT OBLIGATORY.

2. The perfecting and enforcing of a lien is a privilege granted by the statute that may be waived or claimed by the lienor at his pleasure, but if he elects to claim it, he must comply with the conditions attached to the grant.

PERFECTING MINERS' LIENS—TIME FOR FILING CLAIM.

3. Under a statute requiring every laborer entitled to a claim of lien upon a mine to file his claim with the county clerk within a stated time after ceasing to labor therein,* the filing of the lien within the time prescribed by the statute is a condition precedent to the preservation by the laborer of the inchoate right of lien arising from the performance of the work, and if it is not observed the lien is lost.

COMPUTATION OF TIME FOR FILING LIEN.

4. Under a statute requiring every laborer entitled to a claim of lien on a mine to file the same with the county clerk within a stated time after ceasing to labor therein, the time within which to file a lien is reckoned by excluding the first (the last day of service in the mine) and including the last day of the period prescribed.

From Douglas: JAMES W. HAMILTON, Judge.

Statement by MR. CHIEF JUSTICE WOLVERTON.

This is a suit by William Horn against the United States Mining, Securities & Trust Co., and Arthur Rowley, to foreclose an alleged mechanic's or miner's lien. The complaint sets out, among other usual and necessary allega-

---

* B & C. Comp. § 5669 is here referred to.—REPORTER.

tions, that on and between the 24th day of August and the 7th day of November, 1903, the plaintiff performed work and labor for defendant in digging a tunnel for the distance of 75 feet at the agreed price of $8 per foot, and of the aggregate value of $600; that $83.50 has been paid, leaving a balance due plaintiff of $516.50; that plaintiff on January 7 duly and legally filed and recorded a miner's lien in the county clerk's office for Douglas County, and claims a lien accordingly. Such is the lien sought to be foreclosed. There was a motion in the circuit court to strike out parts of the complaint, which was denied, and a decree rendered in accordance with the demand, from which the defendant appeals.              REVERSED.

For appellant there was a brief and an oral argument by *Mr. William Mosby LaForce.*

For respondent there was a brief over the names of *John Thomas Long* and *Ira B. Riddle,* with an oral argument by *Mr. Long.*

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

1. It is urged here for the first time that the complaint does not state facts entitling the plaintiff to relief. As defendant is not precluded by the decree from making the objection, he is entitled to insist upon it now.

2. The question involved is whether plaintiff had perfected and obtained his lien as claimed. The statute imposes the duty upon every laborer entitled to a claim of lien upon a mine, lode or deposit to file his claim with the county clerk of the county in which the mine is situated within sixty days after he has ceased to labor therein. "The right," say the learned authors of the American and English Encyclopædia of Law (vol. 20, 2 ed., p. 493), "to assert and perfect a mechanic's lien, is very generally held to be a privilege which the lienor may exercise or not, at his pleasure, and hence is subject to waiver." Indeed, this

court has held as much in *Hughes* v. *Lansing*, 34 Or. 118
(55 Pac. 95, 75 Am. St. Rep. 574).

3. In this case we say, construing a like statute, that
"While the statute gives the lien in the first instance for
a specified time, without the assertion of any formal claim
therefor, it is made incumbent upon the lienor, if he in-
tends to preserve his lien, to make a record of such inten-
tion, and to bring suit thereon within the time prescribed ;
and, if he does not observe these regulations, the lien must
be deemed to have lapsed." See, also, *Ramsey's Appeal*,
2 Watts, 228 (27 Am. Dec. 301). Thus it is that the filing
of the lien within the time prescribed by the statute be-
comes a condition precedent to preserving the inchoate
right of lien that the laborer has by reason of performing
his work, and, if not observed, the lien is lost.

4. Both upon authority and under the Code time is
reckoned by excluding the first day, or day from or after
which an act is done, and including the last of the period
prescribed : 28 Am. & Eng. Enc. Law (2 ed.), 211; *Caroth-
ers* v. *Wheeler*, 1 Or. 194; *O'Hara* v. *Parker*, 27 Or. 156 (39
Pac. 1004). Governed by this rule, we find that by exclud-
ing the last day of service, namely, November 7, and in-
cluding the last of the sixty days given for filing the lien,
the plaintiff is short one day ; that is, excluding Novem-
ber 7, the sixty days fully expired with the 6th of January,
1904, and the filing on the 7th was too late. The com-
plaint was therefore insufficient to support the decree,
which leads to a reversal, and the cause will accordingly
be dismissed.                                    DISMISSED.