Argued September 20, decided Oct. 10, 1911.

## BERNARD v. HASSAN.

[118 Pac. 201.]

MECHANICS' LIENS—RIGHT TO LIEN—"LABORER"—"ORIGINAL CONTRACTOR."

1. Under Section 7420, L. O. L., making it the duty of every original contractor to file his lien within 60 days from the completion of his contract, and of every mechanic or other person to file, within 30 days, one engaged merely to work for an indefinite time, under the direction of the lessee of a house, is a mere "laborer," whose rights to a lien would expire within 30 days from his last day of work; but one

engaged under a direct contract with the owner to furnish labor or labor and materials is an "original contractor," though the contract be implied.

MECHANICS' LIENS—ENFORCEMENT—FORECLOSURE—COMPLAINT.

2. Under Section 7420, L. O. L., making it the duty of every original contractor to file his lien within 60 days from the completion of his contract, a complaint in an action to foreclose a mechanic's lien, which fails to state that the contract was completed, or to give any reason why it was not completed, or to state the date of the completion of the building, fails to state a cause of action, for it is a prerequisite of a valid original contractor's lien that it shall be filed within 60 days after the completion of the contract.

From Marion: WILLIAM GALLOWAY, Judge.

This is a suit by L. Bernard against Sarah A. Hassan and William R. Allen, to foreclose a mechanic's lien. From a decree in favor of plaintiff as prayed for in the complaint, defendants appeal.

REVERSED: SUIT DISMISSED.

For appellants there was a brief over the names of *Mr. William M. Kaiser* and *Mr. Myron E. Pogue,* with an oral argument by *Mr. Pogue.*

For respondent there was a brief with oral arguments by *Mr. James G. Heltzel* and *Mr. John Bayne.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

Defendant Allen was the owner of a house and lot in Salem, Oregon, which were occupied by defendant Mrs. Hassan. In the spring of 1908, Mrs. Hassan entered into a contract with plaintiff to make certain alterations and repairs on the dwelling house, which consisted, substantially, in putting a second story and roof on a portion of the building; dividing it into four rooms, with partitions, clothing, papering and finishing them, and painting the woodwork one coat; covering the roof with P. & B. roofing; putting in doors and windows; building a porch on the second story, and erecting a stairway from the ground floor to the porch. The contract price of this work was $150. Mrs. Hassan

was to furnish all the materials for the work, including doors, windows, and frames.

Plaintiff placed workmen upon the building and began the work; but Mrs. Hassan subsequently changed her mind, and concluded to have six rooms, instead of four and continued to suggest changes and deviations from the original plan, until finally it was agreed that plaintiff should go ahead and perform the work under the direction and superintendence of defendant, Mrs. Hassan, and, according to her wishes, purchase the necessary materials, and that she would pay for them. On June 11, 1908, plaintiff secured the work, under these conditions, and labored and furnished other labor and materials to the amount claimed in the complaint. The work seems to have progressed from time to time, with a continual series of changes of plans on the part of Mrs. Hassan, until about August 6, 1908, when plaintiff and his workmen left, and plaintiff did not return until a few days later, when he found Mrs. Hassan had employed other workmen to complete the building.

We are of the opinion that the delay of plaintiff in completing the building was caused primarily by Mrs. Hassan's failure to provide and have ready the roofing, which she had undertaken to provide, for the continuance of the work; and that, while nearly every fact above stated is disputed by her, the preponderance of the testimony is in favor of plaintiff's contention.

1, 2. There remains but one serious contention, and that is whether, under the facts above stated, plaintiff is an original contractor within the meaning of the law, and, if so, whether he has sufficiently pleaded performance of his contract. Section 7420, L. O. L., makes it the duty of every original contractor to file his lien within 60 days from the completion of his contract, and of every mechanic, artisan, etc., or other person, to

so file within 30 days after the completion of the alteration or repair, or after he has ceased to labor thereon from any cause, or after he has ceased to furnish materials therefor. The lien in question was filed 57 days after the last work was done, and, unless plaintiff is an original contractor, his claim was filed too late to be within the statute. If plaintiff was engaged merely to work for an indefinite time, under the direction of defendant, he would be a mere laborer, and his rights to a lien would expire within 30 days from the last day that he performed work. An original contractor, within the meaning of the mechanic's lien law, is one who furnishes labor, or labor and materials, upon a contract direct with the owner. Boisot Mech. Liens, § 220. The contract need not be express, but may be implied. The complaint in this case states substantially a contract to alter and repair a dwelling house, and to perform and furnish the labor to so alter and repair it. So far it states an original contract with the owner to do a particular thing, but it fails to state that the contract was completed, or to give any reason why it was not completed, or to state the date of the completion of the building.

In *Curtis* v. *Sestanovich,* 26 Or. 107 (37 Pac. 67), which involved a lien for labor and materials, this court held that it was unnecessary to state in the notice of lien the date of the completion of the building, if, in fact, it was completed within 30 days; but in that case the omission to state the date of completion was in the notice, and not in the complaint. Here both the notice and the complaint are silent on that subject. Section 7420 makes it a prerequisite of a valid, original contractor's lien that it shall be filed within 60 days after the completion of the contract, and a complaint

which does not show this fact does not state a cause of suit.

The suit will be dismissed without prejudice to any action at law that plaintiff may see fit to institute.

REVERSED: SUIT DISMISSED.