Argued August 14, decided October 1, 1913.

## WALSH v. NELSON.

(126 Pac. 606.)

**Mechanics' Liens—Substantial Performance of Contract.**

1. A building contractor who, in good faith, attempts to comply with the contract, and who substantially, though not fully, complies with it, is entitled to a lien for the contract price, less deductions for defects and omissions in the work.

**Mechanics' Liens—Lien of Original Contractor—Time to File.**

2. An original contractor is entitled to file his lien within 60 days after the completion of the work.

**Mechanics' Liens—Enforcement of Lien—Substantial Performance of Contract—Evidence.**

3. Evidence held to show that a building contractor substantially complied with the contract in good faith, entitling him to a lien.

From Multnomah: ROBERT G. MORROW, Judge.

Statement by MR. JUSTICE BURNETT.

This is a suit by M. J. Walsh Company, a corporation, against M. Nelson and Henry B. Chase, to foreclose a mechanic's lien for labor performed and materials furnished in the construction of a building. The defendant Nelson is the lessee and Henry B. Chase the owner of the premises in question. The summons was not served upon the defendant Chase, and hence he is not to be further considered. It seems that the defendant Nelson, about June, 1910, was engaged in fitting up a resort where certain kinds of thirst might be assuaged, and, with a view of regaling the eye, as well as the inner

man, concluded to have a tile floor and wainscoting installed in his rooms. To that end, he negotiated with the plaintiff, and about June 6, 1910, the parties executed the following writing:

"6-6-10.

"We propose to furnish and install according to special sketch shown, tile flooring according to specifications, for the sum of sixteen hundred eighty dollars ($1680). Front vestibule to have 6-inch marble nosing, also facing front step, which is to be faced with the same color as marble tiling, which is to be white, also cut Mosaic emblem as design shown, also tiling entrance upstairs as far as stairway. The inside floor to have special border as sketch furnished. Main body of floor to be one-inch hex. White American Costic. Back of bar to be cork tiling approximately 3 ft. wide by 34 ft. long. Tiling in toilets, wall tiling, to be 7 ft. 5 in. with a border embossed and also embossed cap numbers to be specified. We also propose to furnish suitable fixed mirror and nickel plate frame to go over wash stand. Six-inch sanitary base and also casing around the door on the inside. Tiling on each side of stairway to be the same material, same cap, same border, as toilet tiling with a suitable height to follow clear to the head of stairway. Number 125, 2 in. egg. dart to be used in stairway and toilet walls. Back of wall tiling to have wire lathing, and also floor to be laid on wire lath with suitable concrete to make the work first class in every respect. No extras. All work to be done under the supervision of Mr. Oke, the Supt., and to meet his approval. Eleven hundred eighty dollars ($1180) to be paid on completion of work, balance in sixty days. Work to be completed by the 15th of July. Accepted M. J. Walsh Co.

"M. J. Walsh, President.

"M. Nelson."

The plaintiff, claiming to have finished the work on November 12, 1910, filed his claim of lien with the county clerk on January 11, 1911. It claims for the contract price $1,680, extra work on border $114.73, changing the tiling on the stairway, etc., a balance of $11.13 and charge for work overtime $5.88, totaling up $1,811.74, deduct-

ing payments $1,485.88, leaving a final balance, for which the lien is claimed, of $325.86. The complaint is in the usual form for foreclosing such a lien claiming $1 for filing the same and $100 as reasonable attorney's fees in the suit.

The answer admits the leasehold estate of the defendant Nelson, the fee in Henry B. Chase, and the corporate character of the plaintiff, but denies the remainder of the complaint, except as otherwise alleged. The execution of the writing already quoted is averred in the answer, and it is stated that the defendant Nelson has paid plaintiff on the contract $1,480. It particularly charges "that the chief value of the material furnished and work to be done by plaintiff under said contract was to consist in its highly decorative and artistic character when completed; that plaintiff, in violation of its contract, failed to use suitable material, and to exercise reasonable care and skill in installing said tiling; that, owing to plaintiff's failure to use suitable materials and reasonable care in installing said tiling, the floor in said building has cracked, the border of the tiling and the wall of the toilet room was installed upside down, and the casing around the door of said toilet room was omitted, and that, owing to said violation of the contract by the plaintiff, the artistic and decorative value of said work was destroyed, and the defendant has been damaged thereby in the sum of $200." The defendant avers that no work was performed in or about the building by the plaintiff after November 9, 1910, and that the lien was not filed until January 11, 1911.

The reply traverses the answer in material particulars, and affirmatively states, in substance, that the work was done in all respects in a skillful and workmanlike manner to the approval of the defendant Nelson and his superintendent as provided in the written contract already mentioned. After hearing, the circuit court allowed the plaintiff's claim at $288.96, deducting dam-

ages in the sum of $25, added attorney's fees $25, filing fee $1, making a net balance in favor of the plaintiff in the sum of $289.96, for which a decree was entered, with the costs and disbursements taxed at $43.90. The defendant Nelson appeals.                    MODIFIED.

For appellant there was a brief with oral arguments by *Mr. Cicero M. Idleman* and *Mr. L. P. Hewitt.*

For respondent there was a brief over the names of *Messrs. Whitfield & Coan* and *Mr. J. A. Bennett,* with an oral argument by *Mr. Ralph A. Coan.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The legal principles involved in this suit are settled by the case of *Edmunds* v. *Welling,* 57 Or. 103 (110 Pac. 533). In the opinion of Justice EAKIN it is there stated: "The rule is that the work must be done substantially according to contract to entitle the contractor to a lien, but if an effort in good faith has been made to comply with the contract, and it is substantially though not fully complied with, the contractor is entitled to a lien for the contract price less such deductions as should be made on account of the defects and omissions in doing the work."

2. The plaintiff, being an original contractor, was entitled to file its lien within 60 days after the completion of the work. The dispute on this branch of the case is whether the work was completed on November 9th or November 12th; the plaintiff contending for the latter date. Those who testified at the hearing are not in accord with each other on this subject, but we think the preponderance is in favor of the contention of the plaintiff whose witnesses are strengthened in their recollection by the produciton of a time check then given for labor performed in finishing up the work on November 12, 1910. We think the notice of lien was filed in time.

3. From the floor plans in evidence we observe that the resort in question consisted of a long room, on one side

of which was an ordinary bar counter, lunch counter, telephone booths, writing rooms, and office. On the other side was a storeroom and seven booths, in which were installed settees, besides a toilet room in the rear, with the ordinary conveniences to be found in such a place. At the divisional points between these booths are large pillars. One of the principal contentions between the parties is whether the border of the tiling should be run around these pillars and back into the booths, or whether it should continue in a straight line, in the main part of the room, in front of the booths and pillars. It is conceded in the testimony that the contract was signed June 6th, and that the detail sheet, which defendant contends shows the agreed plan for the tiling, did not arrive from Chicago until some time in July. The weight of the testimony convinces us that the contract entered into was made with reference to a blue print, upon which the tiling is indicated by red marks only in the main room, without reference to the booths. When the work of laying the border commenced, a dispute arose as to the plan by which it should be laid, and it was finally adjusted so that it was laid around the pillars already mentioned, but not back into the booths. We think that the charge for this extra work in the sum of $114.73 is a proper charge, and results from the adjustment thus made by the parties as the work progressed. The charge of $5.88 for overtime labor is conceded by the defendant. Another dispute between the parties arises concerning the tiled wainscoting on each side of the stairway. The plaintiff contends for extra material and express charges and the like concerning that, amounting to $45.30. The contract reads that this should be "of suitable height to follow clear to the head of the stairway." The plaintiff's witnesses testified that it was calculated originally at four feet in height, while the defendant says that it was to be of suitable height to correspond with the rest of the

wainscoting in the room, which was four feet six inches. This circumstance is of such importance that we think the weight of the testimony is in favor of the defendant on that issue. The charge of $45.30 for that work should not be allowed to the plaintiff.

As the work progressed, it was agreed that the wire lath should be omitted from the main floor, and that the defendant should receive credit for that material. This has been allowed by the plaintiff in his complaint as 201 square yards of metal lath for floor at 17 cents, amounting to $34.17. The defendant now maintains that this was the cause of a crack in the floor which mars the beauty of the work. The testimony is to the effect that a crack in the floor may be caused by various things such as the uneven shrinking of the woodwork or settlement of the foundation, and instances are given by witnesses where a tile floor laid upon metal lath cracks like any other, so that we think it is not shown by a preponderance of the testimony that the crack in the floor occurred on account of any shortcoming of the plaintiff.

As to the matter of the wall border in the toilet room being installed upside down, the testimony is to the effect that this was observed during the progress of the work, and, although the workmen offered to take it down and install it right side up, the defendant expressed his satisfaction with it as it was, and ordered the work to continue in that way.

We think that, on the whole, the contract has been substantially complied with to the practical completion of the work. No detailed specifications were prepared beyond those in the writing already quoted and the floor plans, which were used as the work progressed. These particulars seem to have been left to the will of the parties as they proceeded with the undertaking. The conclusion depends almost entirely upon questions of fact. Without further rehearsal of the testimony, we

find that the account should be thus stated:

The defendant should be charged with:

| | |
|---|---:|
| Contract price | $1,680.00 |
| Extra work and material on tiling border | 114.73 |
| Work overtime | 5.88 |
| Attorney's fees adjudged by circuit court | 25.00 |
| Filing notice of lien | 1.00 |

|     Amount | $1,826.61 |

He should be credited with:

| | | |
|---|---:|---:|
| Cash payments | $1,485.88 | |
| 201 square yards metal lath at 17 cts. | 34.17 | |
| Damage allowed by circuit court and not appealed from | 25.00 | |
|     Total | $1,545.05 | 1,545.05 |

Net balance ........ $ 281.56

—for which a decree of foreclosure in favor of plaintiff should be here entered, together with the costs and disbursements of the court below, but allowing the defendant the costs and disbursements of this court. The decree will be modified accordingly.          MODIFIED.