Argued March 27, modified June 26, 1928.

## J. F. SHEA *v.* JOE C. PETERS ET AL.

(268 Pac. 989.)

For appellant there was a brief over the names of *Messrs. Murdoch & Crum* and *Messrs. Jaureguy & Tooze,* with an oral argument by *Mr. Nicholas Jaureguy.*

For respondent there was a brief over the name of *Messrs. Lewis, Lewis & Finnigan,* with an oral argument by *Mr. Arthur H. Lewis.*

RAND, C. J.—This is an appeal from a decree foreclosing two mechanics' liens, which, it is claimed, were invalid because not filed within the time required by the statute and also because of the alleged failure of the lienors to comply with Section 10191, Or. L.,

which requires that "every person * * furnishing material or supplies of any kind to be used in the construction * * of any building * * shall, not later than five days after the date of the first delivery, to any contractor or agent, of such material or supplies * * deliver or mail to the owner or reputed owner of the property, on, upon or about which said material or supplies are to be used, a notice in writing stating in substance and effect that such person, firm or corporation has commenced to deliver material and supplies for use thereon, with the name of the contractor or agent or other person ordering the same, and that a lien may be claimed for all material and supplies furnished by such person, firm or corporation for use thereon * * ."

Each of the foreclosed liens was for both labor and material furnished in the construction of a dwelling-house and the particular notice just referred to was not given. The statute further provides that "No material-men's lien for material or supplies furnished to the contractor or the agent of any owner or reputed owner shall be enforced unless the above provisions of this act have been complied with." Another requirement of the statute is that where labor has been performed or materials furnished in the construction of a building at the instance of the owner or his common-law agent, the person performing the work or furnishing the material is an original contractor and must file his lien within sixty days after the completion of his contract, while all other persons are required to file their liens within thirty days after the completion of the building or improvement for which the lien is claimed: Section 10195, Or. L.: *James A. C. Tait & Co.* v. *Stryker,* 117 Or. 338 (243 Pac. 104), and cases there cited.

The dwelling-house upon which the liens are claimed was completed on May 17, 1924. The liens were not filed within thirty days after the completion of the building, but were filed within sixty days after the completion of their contracts by the lienors. Hence, it will be seen that both of these questions depend upon whether or not the lienors were original contractors, for if they were they had sixty days from the completion of their contracts in which to file their liens, and, if they were original contractors and furnished the material for which the liens in part were claimed at the instance of the owner of the building and not at the instance of an agent of the owner, notice to the owner that materials for which a lien might be claimed were being furnished was not necessary.

The determining facts upon this controversy are as follows: At the time of the construction of this particular dwelling-house, Charles E. Kenner and Hildagard M. Kenner were the record owners of the two lots upon which it was being erected, and the said Charles E. Kenner and one O. M. Johnson were copartners, doing business under the name of "Kenner and Johnson," and were engaged in the business of constructing dwelling-houses for sale, and, as such partners, constructed the dwelling-house in question and, after its construction, sold said lots and dwelling-house to the defendant, Joe C. Peters, who is the present owner thereof, a deed therefor being executed by the two Kenners. There is no evidence that Hildagard M. Kenner had anything to do with the construction of the dwelling-house, but the evidence does show that, after the building had been constructed by the partnership, of which her cotenant in the two lots was a member, she joined with him in the conveyance of

the property to Peters. There is no evidence of any contract between the two Kenners and the partnership under which the partnership took possession of the two lots and erected a building thereon, but the evidence clearly shows that the labor and the material for which the liens are claimed were furnished to the partnership by the lienors at the request of Charles E. Kenner, who was a member of the firm and a half owner in the real property; and that the house was constructed by and, when constructed, belonged to the firm. ·

 Whether such firm had entered into a contract with Hildagard M. Kenner for the construction of the house or for the purchase of her interest in the land does not appear. The evidence, however, does show that the labor and material for which the liens are claimed were furnished at the instance of Charles E. Kenner and, therefore, to bind his estate in the land no notice to him that the materials were being furnished was necessary. The evidence also shows that Charles E. Kenner owned an undivided one-half interest in the two lots and that, in ordering the labor and material, he was acting for the partnership and that the partnership owned the house. Hence, it is clear that Kenner's one-half interest in the land and the partnership's interest in the house were subject to lien, regardless of whether the interest of Hildagard M. Kenner was so subject or not. The fact that Kenner's obligation for labor and material was a partnership obligation would not relieve his individual interest in the land from the operation of the lien statutes, but even if it could have had that effect, his estate in the land would have been liable under Section 10194, Or. L., which provides that where buildings or other improvements are constructed upon any lands with

the knowledge of the owner or the person having or claiming an interest therein, they shall be held to have been constructed at the instance of .such owner or person and shall be subject to lien unless such owner or person shall, within three days after obtaining knowledge of such construction, give notice that he will not be responsible for the same by posting a notice in writing to that effect in some conspicuous place upon the land, building or other improvement.

██ ██ Under the facts stated, both lien claimants were original contractors, for they furnished‧ labor and material to the owners of the building and at the instance and request of such owners. They had, therefore, sixty days after the completion of their contracts within which to file their claims of lien and the liens were filed within that time. For these reasons, the objections to the validity of the liens, in so far as they affect the house itself and an undivided one-half interest in the two lots in question, cannot be sustained, but as to the other undivided one-half interest in the land that was formerly held by Hildagard M. Kenner, we think the liens are not enforceable, for she was one of the owners of the land and no notice was given to her, as required by the statute.

██ Under the allegations and proofs, Charles E. Kenner and Hildagard M. Kenner were tenants in common and in respect to their shares each had all the rights, except that of sole possession, which a tenant in severalty would have, and each may manage his part of the estate as he pleases provided he does not injure his cotenant in so doing: 1 Washburn on Real Property (5 ed.), p. 685. The statute in its requirement that notice should be given to the owner that material is being furnished before a lien therefor can attach to the land makes no exception in a case

where the land is held by a tenancy in common, and we have no power to legislate. We, therefore, hold that as to an undivided one-half interest in the land alone the liens did not attach: *Webber Lbr. & Supply Co.* v. *Erickson,* 216 Mass. 81 (102 N. E. 940). This, however, does not affect the validity of the liens upon the building itself nor upon the other undivided one-half interest in the two lots in question, for as said by Mr. Justice BROWN in *Schram* v. *Manary,* 123 Or. 354 (260 Pac. 214);

" * * As used in section 10191, Oregon Laws, the term 'owner' is not limited in meaning to the ownership of the fee, but includes also the ownership of a lesser estate. If the person who causes improvements to be made upon land is the owner of the fee, the lien is upon the fee; but if he owns a lesser estate, the lien is upon that estate."

▇▇▇▇ The defendant raises a further point which will now be noticed. Plaintiff Shea commenced this suit for the foreclosure of his lien, naming among others as one of the defendants in the suit "Portland Paint Co., a corporation." The Portland Paint Company is an assumed name under which George W. Turner does business. Service of the summons and complaint as to the Portland Paint Company was made by delivering copies thereof to George W. Turner. The return of the sheriff showed that service was made upon him as the managing agent of the company. He appeared, however, in the suit by an answer in the nature of a cross-complaint and set up that he was the real creditor and lien claimant in the suit and that the name "Portland Paint Company" was a name which he had assumed and under which he was conducting his individual business, and prayed for a foreclosure of his lien. Upon the trial he

showed that he was the real party in interest and obtained a decree in his own name foreclosing the lien. Defendant contends that because Turner was not named as a party to the suit and no order permitting him to intervene having been made, the court was not authorized to foreclose his lien.

The rule is that parties to an action must be designated by their proper names and not by words of description. But it is also a familiar rule of law that a person may be described by the name by which he is commonly known, though it is not his true name, and this applies whether the name be that of a person not a party to the suit or that of one who is a party to the suit: Shipman's Common Law Pleadings (2 ed.), §§ 289, 290. In all cases a misnomer may be aided by a verdict or by an averment: *Medway Cotton Manufactory* v. *Adams,* 10 Mass. 360. A misnomer of the plaintiff is no ground of nonsuit if he identify himself as the real creditor of claimant and show that he is the party actually enforcing the proceedings and the defendant be not deceived: Bliss on Code Pleadings (3 ed.), § 146.

Here the defendant was sued under the name by which he was commonly known and erroneously upon the theory that the Portland Paint Company was a corporation. When so sued, it was incumbent upon him if he did not wish a default to be entered against him to appear in his own name and by proper averments set forth the true facts. Under the averments of his cross-complaint and the facts proven, he was clearly entitled to have his lien foreclosed.

There was no evidence tending to show that the undivided one-half interest formerly held by Hildagard M. Kenner in the lots in question was subject to the liens. The decree of the lower court will,

therefore, be modified so as to limit the sale to the building and an undivided one-half interest only in said lots. In all other respects it is affirmed, neither party to recover costs upon this appeal.

AFFIRMED.

COSHOW, McBRIDE and ROSSMAN, JJ., concur.