Argued March 27; reversed December 16, 1930; rehearing denied
January 20, 1931

## HEACOCK SASH & DOOR CO. *v.*
## WEATHERFORD ET AL.
### (294 P. 344)

*Herbert A. Cooke,* of Portland, for appellant.
*D. N. Mackay,* of Condon, for respondents.

BEAN, J. This is a suit to foreclose a material-man's lien. A demurrer was interposed to the complaint by defendants. The court sustained the demurrer and dismissed the suit. From this judgment plaintiff appealed.

Plaintiff alleged in its complaint, among other things, that between December 12, 1927, and March 7, 1928, the plaintiff furnished to defendants, A. M. Weatherford and Sadie B. Weatherford, husband and wife, at their special instance and request, certain building materials of the value of $455.54, which were

used in the construction of a certain building; that the Weatherfords were the owners, or reputed owners, of the lots upon which the building was constructed; that the materials so furnished were shipped upon the order of said defendants from Portland, Oregon, the principal place of business of plaintiff, which was engaged in the business of selling building materials; that on August 15, 1928, and within thirty days after the completion of the building, plaintiff duly perfected and filed its lien in the office of the county clerk of Gilliam county, and that said sum has not been paid. Other usual, formal allegations are made in its complaint.

As stated by defendants in their brief, the proposition involved is, was plaintiff an original contractor under Or. L., § 10195, now Oregon Code 1930, § 51-105, and compelled to file its lien within sixty days after the completion of its contract? A copy of the notice of lien filed is set forth in the complaint and no exceptions were taken as to the sufficiency thereof. The section of the code mentioned provides, in part, that it shall be the duty of every original contractor, within sixty days after the completion of his contract, and of every mechanic, artisan, machinist, builder, lumber merchant, laborer, or other person, save the original contractor, claiming the benefit of this act, within thirty days after the completion of the building or structure, or of the alteration or repair thereof, or after he has ceased to labor thereon from any cause or after he has ceased to furnish materials therefor, to file a claim of lien.

In *Ainslie v. Kohn,* 16 Or. 363, 368 (19 P. 97), it is held, in effect, that the lien is expressly given by the then section 3669 of the code and the party claiming the benefit of it, save the original contractor, is only

required to file the claim within thirty days after the completion of the structure, or after he has ceased to furnish materials therefor. Construing section 3673 of the code, now Oregon Code 1930, § 51-105, together with section 3678 of the then code, now Oregon Code 1930, § 51-110, it was held that although such is not the strict language of the latter section, that it should be construed to mean that the claim may properly be filed within thirty days after the completion of the building, when it is for labor and material furnished for that purpose. This case has been cited with approval many times. It is referred to in *Tait v. Stryker*, 117 Or. 338, 341 (243 P. 104), where the claimant furnished labor and material to an original contractor and was required to file for record its notice of lien within thirty days from the completion of the building.

In *Inman v. Henderson*, 29 Or. 116 (45 P. 300), the lien claimants furnished material direct to the owner for the construction of a certain building. It was said, as shown at page 119, 120:

"The lien claimants in this case were not original contractors, but material men, and, under the statute, were required to file their liens within thirty days after they ceased to furnish material or after the building was completed. *Ainslie v. Kohn*, 16 Or. 363 (19 P. 97). We take the law to be that a materialman who furnishes material directly to the owner * * * is not an original contractor in the construction of the building for which the material is furnished, within the sense of the statute, and must file his lien within thirty days."

It is said in *Bernard v. Hassan*, 60 Or. 62, 65 (118 P. 201):

"An original contractor, within the meaning of the mechanic's lien law, is one who furnishes labor, or labor and materials, upon a contract direct with the owner."

This case was discussed and explained by Mr. Justice RAND in the case of *Tait v. Stryker,* supra, at page 342, and necessitates no further elucidation. In the Bernard case there was a contract by the lien claimant with the owner to repair a dwelling house for the price of $150. The complaint failed to state when the contract was completed and the suit was dismissed.

In *Shea v. Peters,* 126 Or. 76 (268 P. 989), both labor and material were furnished direct to the owner of the dwelling house upon which the liens were claimed. It was held, in effect, that under the facts, as stated in that case, both lien claimants were original contractors and had sixty days after the completion of their contracts in which to file their claims of lien.

In *Nicolai-Neppach Co. v. Poore et al.,* 120 Or. 163, 172 (251 P. 268), it was found that the material was furnished directly to the defendant Wilhoit Springs Mineral Water Company, the owner in fee of the premises on which the improvements were made and in which the material furnished by the lienor was used. On page 174 it was held:

"Materialmen and laborers may file a lien against a structure at any time within thirty days after claimant ceases to work or deliver the material, or within thirty days after the completion of the entire work; *Wills v. Zanello,* 59 Or. 291, (117 P. 291); *Tait et al. v. Stryker et al.,* 117 Or. 338 (243 P. 104)."

The case in hand is governed by the opinion in the last-named case. Many statutes, especially the later ones, expressly confer a lien on materialmen or persons furnishing materials. A materialman or lumber merchant, within the meaning of such statutes, is defined as a person who does not follow the business of building or contracting to build homes for others, but

who manufactures, purchases or keeps for sale materials which enter into buildings and who sells or furnishes such materials. 40 C. J. 130, § 142; 5 Words & Phrases, third series, p. 707; 20 Am. & Eng. Enc. of Law, p. 336, § 22.

■ The plaintiff, having furnished material directly to the owner and shipped the material on the order of defendants Weatherford, as ordered, is a lumber merchant or materialman within the meaning of the statute and must file its lien within thirty days from the completion of the building or structure for which the material was furnished, and in which it was used. *Inman v. Henderson,* 29 Or. 116 (45 P. 300). Plaintiff's lien is alleged to have been filed within that time. Unquestionably the plaintiff was a lumber marchant or materialman within the meaning of our statute.

The plain language of the statute, Oregon Code 1930, § 51-105 (§ 10195, Or. L.), allows a materialman thirty days after the completion of the building, for which he has furnished material and in which it is used, to perfect his lien by filing a claim therefor. Therefore, the complaint in the present case stated a cause of suit. The demurrer thereto should have been overruled.

The judgment of the circuit court is reversed and the cause remanded for such further proceedings as may be deemed proper, not inconsistent herewith.

COSHOW, C. J., BROWN AND BELT, JJ., concur.