Argued November 5, reversed and remanded December 13, 1973

MADDOX, *Respondent, v.* BALBOA RACEWAYS,
INCORPORATED ET AL, *Appellants.*

516 P2d 1293

*Harold D. Gillis,* Eugene, argued the cause for appellants. On the briefs were Butler, Husk & Gleaves, Eugene.

*Gavin W. Armstrong,* Eugene, argued the cause for respondent. With him on the brief were Miller, Moulton & Andrews, Eugene.

TONGUE, J.

This is a suit to enforce a lien for labor and materials on land and improvements owned by defendant Superior Land Co., Oreg. Ltd. ("Superior"), and leased to defendant Balboa Raceways, Inc. ("Balboa"). The labor and materials were provided by plaintiff under a contract with Balboa. Superior appeals from a decree which provides not only that plaintiff shall have judgment for $750 against Balboa, but also that the lien shall be foreclosed as a "first, valid and subsisting lien" against the land and improvements. Balboa did not appeal.

The real property involved is located in Eugene. Superior is the contract purchaser of the property and

leased it to Balboa for use in conducting motor vehicle drag racing events, with rent payable on the basis of a percentage of gross receipts. The lease required written approval of improvements by Balboa as lessee, but did not require Balboa to make any improvements.

Balboa obtained approval from Superior to lengthen the track, as previously discussed with Balboa. According to plaintiff, Superior also directed what improvements should be made. Balboa then hired plaintiff to stripe and stencil the track after it had been lengthened and improved. Superior did not supervise the work and had no direct contact with plaintiff, but was aware of the improvements while they were being made.

It does not appear whether or not plaintiff posted a lien notice on the property under the provisions of ORS 87.020. It does appear, however, that Superior did not post a notice of nonliability under ORS 87.030.

Labor and materials were furnished by plaintiff between June 28 and July 1, 1971, when performance was completed. Plaintiff was not paid and on August 20, 1971 (50 days later), filed a lien. Plaintiff then filed this suit to foreclose that lien.[1] The lien, as filed, recites that the labor and materials were furnished "at the special instance and request" of Balboa.

It is contended by Superior that because the labor and materials were provided under a contract between plaintiff and Balboa as the tenant, plaintiff was not an "original contractor" for the purposes of

---

[1] The complaint also names as a defendant Edward M. Anderson, who is the general partner in Superior, which is a limited partnership.

enforcing its lien against Superior, as the owner. Superior contends that, as a result, plaintiff's lien was not valid against the interest of Superior, as the owner, because it was not filed within 45 days, as required by ORS 87.035.⑧

■ Plaintiff contends, on the contrary, that he "was an 'original contractor,' having dealt with an 'owner' of the property, Balboa as lessee," and that "plaintiff being characterized as an 'original contractor' had 60 days in which to file his lien and, having done so, all owner's interests are subject to that lien." Plaintiff also contends that he was an "original contractor" as to defendant Superior "according to the provisions of ORS 87.030" under which an improvement shall be deemed constructed at the instance of any owner having knowledge of the improvement who fails to post a notice of nonresponsibility under ORS 87.030.⑨

In response, Superior contends that although

---

⑧ ORS 87.035 provides as follows:

"Every original contractor, within 60 days after the completion of his contract, and every mechanic, artisan, machinist, builder, lumber merchant, laborer, or other person, except the original contractor, claiming the benefit of ORS 87.005 to 87.075, within 45 days after the completion of the construction, or after he has ceased to labor thereon from any cause, or after he has ceased to furnish materials therefor, shall file for recording with the recording officer of the county in which the improvement, or some part thereof, is situated, a claim containing a true statement of his demand, after deducting all just credits and offsets, the name of the owner, or reputed owner, if known, the name of the person by whom he was employed or to whom he furnished the materials and a description of the property to be charged with the lien sufficient for identification, which claim shall be verified by oath of himself or some other person having knowledge of the facts. [Amended by 1961 c.609 § 1]"

⑨ ORS 87.030 provides:

"Every improvement except an improvement made by a person other than the landowner in drilling or boring for oil

plaintiff may have been an "original contractor" with respect to the validity of its lien against Balboa, it was not an "original contractor" with respect to the validity of its lien against Superior, with the result that plaintiff's lien, not having been filed within 45 days, could not be foreclosed against Superior's land and improvements. It is also contended by Superior that the fact that ORS 87.030 decrees construction to be at the instance of an owner who has knowledge of the construction does not mean that the lien claimant is "elevated" to the status of an "original contractor" as to that owner and "does not obviate the filing of the lien within 45 days under ORS 87.035."

It is conceded by plaintiff that in order to prevail in this case "he must be an 'original contractor' according to the terms of ORS 87.035." It is well established, as also conceded by the plaintiff, that an "original contractor" for the purpose of ORS 87.035 (under which liens by "original contractors" may be filed at any time within 60 days) is "one who furnishes labor or material and labor on a contract direct with the owner." *Lakeview Drilling Co. v. Stark et al,* 210 Or 306, 313, 310 P2d 627 (1957), and cases cited therein. See also *Shea v. Graves,* 142 Or 503, 510, 19 P2d 406 (1933), and cases cited therein.

---

or gas, constructed upon lands with the knowledge of the owner or person having or claiming any interest therein, shall be deemed constructed at the instance of such owner or person having or claiming any interest therein; and the interest owned or claimed shall be subject to any lien filed pursuant to the provisions of ORS 87.005 to 87.075, unless such owner or person having or claiming an interest therein shall, within three days after he obtains knowledge of the construction, give notice that he will not be responsible for the same by posting a notice in writing to that effect in some conspicuous place upon the land or the improvement situated thereon."

Plaintiff's contention that he can be an "original contractor," with 60 days to file his lien against the owner of the land, despite the fact that his contract was not with the owner, but with a lessee or contract purchaser from the owner, was considered by this court in *Barr v. Lynch,* 163 Or 607, 97 P2d 185 (1940). In that case plaintiff made a contract with the agent of a contract purchaser of a house and lot under which labor and materials were furnished for improvement of the building, which was owned by the defendant, as the contract vendor. We held (at 614) that plaintiff was an "original contractor" as to the contract purchaser as the "owner" of an interest in the land, so as to subject his interest to the lien if filed at any time within 60 days. We also held, however (at 618, 620), that plaintiff was not an "original contractor" as to the defendant as the owner of the property, but was entitled to a lien against the interest of the owner of the property only if the lien was filed within 30 (now 45) days under what is now ORS 87.035. In other words, plaintiff had a contract "direct" with the contract purchaser, but did not have a contract "direct" with the owner of the property.[9]

The facts of this case are even more closely similar to those in *Lorenz v. Pilsener Brewing Co. of Ore.,* 159 Or 552, 81 P2d 104 (1938). In that case a lessee under a lease which specifically provided for, but

---

[9] Plaintiff says that Barr v. Lynch, 163 Or 607, 97 P2d 185 (1940), is not controlling because the contract in that case was made with an agent for the contract purchaser, so as to be a subcontractor, rather than an original contractor. As pointed out, however, the case was not decided on that ground. Plaintiff also says that in *Barr* the court found a valid lien against the vendor's interest in the property for the reasonable value of the labor because no notice of nonresponsibility was posted. That holding, however, was also based upon the finding (at 620) that the lien in that case was filed within 30 days.

did not require, improvements to a building made a contract under which labor and materials were provided for the improvement of the building. Defendant, the owner, had full knowledge of the work and did not post a notice of nonliability. Neither did plaintiff post a lien notice under what is now ORS 87.020. He also did not file his lien for 59 days.

In affirming a denial of plaintiffs' lien in that case it was held (at 568) that:

"* * * Knowledge on the part of the owner that deliveries of building materials are being made does not * * * eliminate necessity for sending to the owner notice of such deliveries and that a lien will be claimed unless payment is made.

"Therefore, since the plaintiffs failed to file their lien claims within 30 [now 45] days, and likewise failed to give notice to the owner within five days from the time they began to bring construction materials upon the premises, their lien claim must be deemed invalid."

In support of plaintiff's contention to the contrary, plaintiff relies upon our earlier decision in *Schram v. Manary,* 123 Or 354, 260 P 214, 262 P 263 (1927). That case, however, did not involve the question whether plaintiff was an "original contractor" for the purposes of what is now ORS 87.035, so as to permit the filing of a lien at any time within 60 days. The question there was whether plaintiff was required to post a lien notice on the property within five (now 10) days, under what is now ORS 87.020, relating to lien notices by suppliers of materials. We held that for the purposes of that statute the term "owner" is not limited to the owner in fee, but also includes a vendee in possession under a contract to purchase. We also held in *Schram* (at 364) that under the terms of that

statute the vendor, the owner in fee, was entitled to the five-day (now 10-day) lien notice before the property could be charged with a lien for materials, although subject to a lien for labor unless the owner then posted a notice of nonresponsibility, as provided by what is now ORS 87.030.

No contention was made in *Schram*, however, as it is in this case, that plaintiff was not also required to file his lien within 30 (now 45) days, as provided by what is now ORS 87.035. By our subsequent decisions in *Barr v. Lynch, supra,* and *Lorenz v. Pilsener Brewing Co. of Ore., supra,* however, we have rejected that contention. In other words, even though the owner in fee of property may be subject to a lien unless he posts a notice of nonliability under ORS 87.030, the lien, to be valid, must still be filed within the time required by ORS 87.035.

*Randolph v. Christensen,* 124 Or 661, 668, 265 P 797 (1928), cited by plaintiff as "nearly identical with the case under consideration," is clearly distinguishable on similar grounds.

■ Plaintiff also says that ORS 87.030 provides that improvements made upon land "with the knowledge of the owner or person having or claiming any interest therein shall be deemed constructed at the instance of such owner or person" and that the interest of such an owner or person shall be subject to the lien unless he posts upon the property a notice of nonresponsibility.

As held in *Title Guarantee Co. v. Wrenn,* 35 Or 62, 67, 56 P 271 (1899), that provision of that statute "simply provides a rule of evidence by which such consent can be determined," for the purpose of determining

whether an "owner" is required to post a notice of non-responsibility. That provision does not, however, purport to create a contractual relationship with such an owner, much less a "direct contract" for the purpose of determining whether a lien is timely filed in accordance with the requirements of ORS 87.035.

■ Furthermore, as previously stated, in order for such a lien to be valid it must be filed within the time required by ORS 87.035, and in *Barr* and *Lorenz* we have held that one who provides labor and materials under a contract with a lessee or contract purchaser, rather than under a contract with the lessor or vendor, must file his lien within 45 days in order to subject the interest of the lessor or vendor to the lien.[9]

■ We believe that our previous decisions in *Barr* and *Lorenz* require us to hold that because plaintiff's lien in this case was not filed within 45 days it is not a "first, valid and subsisting lien" against the interest of defendant as the owner and lessor of the property involved in this case, even though it may have been a valid lien as against the owner of Balboa as the lessee of the property.

---

[9] Plaintiff also points out that ORS 87.040 (1) defines "owner" as "any person who has caused an improvement to be constructed, providing such person owns an interest in the land sought to be charged with the lien." That definition, however, is expressly stated to be "As used in ORS 87.045," which provides an alternative means of determining the completion date by the posting of a completion notice. Accordingly, it has nothing to do with the period of time for the filing of liens, i.e., whether within 45 or 60 days, as provided by ORS 87.035.

Accordingly, the decree of the trial court must be set aside and this case remanded for further proceedings not inconsistent with this opinion.[®]

Reversed and remanded.

---

[®] Because plaintiff's lien is invalid as against defendant it was improper to allow attorney fees to the plaintiff as an amount to be added to the judgment lien against defendant's interest as the owner of the fee title to the property. It thus becomes unnecessary to consider defendant's further contentions relating to the allowance of attorney fees.